(88 South. 438)

### WOODWARD IRON CO. v. THOMPSON.
### (6 Div. 104.)

(Supreme Court of Alabama.   April 14, 1921.)

**1. Master and servant ⬡180(5) — Statutory fellow-servant rule applicable to injuries by railroad engineer stated.**

In an action against a mine operator under Code 1907, § 3910, subd. 5, for injuries through the negligence of a locomotive engineer, the complaint must aver that plaintiff at the time of the injury was a railroad employee of the defendant, and hence a fellow servant with the engineer, or that at the time of his injury his employment in performing defendant's work placed him in close proximity to the railroad, so that the danger therefrom was one of the ordinary dangers incident to his particular employment, or else he must sue as a stranger.

**2. Master and servant ⬡259(7) — Complaint held insufficient to charge negligence of fellow servant under statute relating to railroad engineers.**

A complaint for injuries to an employee of defendant mine operator, which avers that while he was engaged in his work as a laborer "near" defendant's railroad he was run over by cars through the negligence of the locomotive engineer, does not state a cause of action under Code 1907, § 3910, subd. 5, for the negligence of a fellow servant having charge of a train; the word "near" being a relative term does not aver how close the work took plaintiff to the railroad.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Near.]

**3. Trial ⬡253(9) — Instruction on supervening negligence held properly refused for excluding negligence of trainmen in not sooner discovering plaintiff.**

In a servant's action against the master, an iron company, also operating a railroad, an instruction that if the jury believed that plaintiff was in a place of safety, and suddenly went on the track in front of the train, and the engineer was not negligent after discovering him, the verdict should be for defendant, was properly refused, since the engineer or head-switchman may have been guilty of negligence in not keeping a proper lookout and discovering plaintiff sooner.

Appeal from Circuit Court, Jefferson County; Romain Boyd, Judge.

Action by Dan Thompson against the Woodward Iron Company, for damages for personal injuries while in its employment. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

Nesbit & Sadler, of Birmingham, for appellant.

The complaint is attempted to be drawn under subdivision 5, § 3910, Code 1907, and is subject to the demurrer interposed thereto. 153 Ala. 215, 44 South. 969; 149 Ala. 423, 42 South. 1034; 95 Ala. 412, 11 South. 262; 156 Ala. 263, 47 South. 110; 167 Ala. 263, 52 South. 878, 140 Am. St. Rep. 28. The defendant was entitled to a directed verdict—first, because of contributory negligence on the part of the plaintiff, 203 Ala. 557, 84 South. 263; second, because of the absence of initial or subsequent negligence on the part of the engineer, 191 Ala. 484, 67 South. 693; 189 Ala. 568, 66 South. 511; 190 Ala. 91, 66 South. 697; 197 Ala. 151, 72 South. 328; 202 Ala. 139, 79 South. 605.

Black & Harris and B. M. Allen, all of Birmingham, for appellee.

It was necessary that the complaint show that the injured servant was employed to work in the operation of the railroad. 198 Ala. 311, 73 South. 550; 167 Ala. 263, 52 South. 878, 140 Am. St. Rep. 28; 201 Ala. 106, 77 South. 400, L. R. A. 1918C, 640, 68 South. 472. Under no phase of the evidence was the defendant entitled to a directed verdict. 128 Ala. 530, 29 South. 455; 140 Ala. 208, 37 South. 338; 179 Ala. 239, 60 South. 933.

MILLER, J.   Dan Thompson sues the Woodward Iron Company to recover damages for an injury received by him while in its employment. It is brought under subdivision 5 of section 3910 of the Code of 1907.

There is only one count in the complaint for the consideration of this court. It avers that the defendant was engaged in operating an ore mine, and used a locomotive train of cars and a railroad track in the conduct of its business.

The complaint avers that plaintiff was "an employee of defendant, and was engaged as a laborer at work near said railroad track of defendant"; and that while so engaged at his work for defendant he was negligently run over or upon by a car or train of cars attached to a locomotive, which was backing cars on said track; and that said injuries aforesaid were caused by the negligence of a person in service or employment of defendant, to wit, "Will Shaddix, an engineer, who had charge and control of the engine and train of cars," etc. The defendant demurs to this count. The court overruled the demurrer. This is assigned as one of the errors.

The plaintiff does not aver that he was one of the railroad employees of the defendant when injured. He and the engineer in the count were serving the same master, the defendant; but it fails to aver they were

---

engaged in a common employment, the same general business of railroading, at the time of the injury. This count avers the business of the injuring servant, Will Shaddix, at the time of the accident. He had charge and control of the engine of defendant, backing cars on the track. It does not aver that business of the defendant the plaintiff was engaged in when injured by the cars or train in charge and control of Will Shaddix.

[1] The plaintiff must aver that he was at the time of the injury a railroad employee also of defendant, a fellow servant with those who operated the signals, locomotives, etc., of defendant. If plaintiff was not at the time of the injury a railroad employee of the defendant and a fellow servant with those who operated the signals and locomotive, etc., then he must aver facts showing the duties being performed by him under his employment by the defendant, when injured, were in such close proximity to the said railroad train business of the defendant, under control of the said engineer, that the ordinary dangers or ordinary hazards of operating it were, in a reasonable sense, incident to the particular work of the defendant in which he was engaged at the time. If the facts do not warrant plaintiff in making these averments in his complaint, then he can sue as a stranger.

This rule is clearly expressed by this court in Boggs v. Ala. Consol. Coal & Iron Co., 167 Ala. 262, 52 South. 882, 140 Am. St. Rep. 28, as follows:

"We hold that employees engaged in or about a railroad, including therein employees brought by their employment into such close relation with the operation of the railroad as that it may be said, in a reasonable sense, that danger therefrom constitutes an ordinary danger of the service in which they are engaged, though they be not strictly railroad employees, as well as those engaged in the actual operation of the railroad, are fellow servants with those employees who operate signals, locomotives, trains, etc., on the railroad, and fall under the influence of the subdivision. Employees otherwise circumstanced are entitled to sue as members of the public having no particular relation with the railroad—as strangers." ·

[2] This count does not comply with this rule. The words "working near said railroad" in the count do not make plaintiff a fellow servant with the engineer, nor make the count come up to the rule. " 'Near' is a relative term." It does not aver how close he was working to the danger line of the railroad of defendant. Simmerman v. Hills Creek Coal Co., 170 Ala. 554, 54 South. 426. The defects in this count and the facts alleged are very similar to the facts averred and error in count 9, which is condemned in Ala. Steel & Wire Co. v. Griffin, 149 Ala. 423, 42 South. 1034.

The demurrers of the defendant pointed out these defects in this count, and they should have been sustained. Boggs v. Ala. Con. Coal & Iron Co., 167 Ala. 263, 52 South. 878, 140 Am. St. Rep. 28.

[3] The court refused to give to the jury the following written charge at request of defendant:

"If you believe from the evidence that Dan Thompson was in a place of safety, and suddenly went on the track in front of the train, and the engineer was guilty of no negligence after discovering him on the track, you must find for the defendant."

This was not error. It declares a verdict should be rendered for defendant if the engineer was guilty of no negligence, after discovering plaintiff on the track. The engineer may have been guilty of negligence in not discovering him sooner on the track. The charge does not state the distance plaintiff was from the train when he went suddenly on the track. While plaintiff may have gone from a place of safety suddenly on the track in front of the train, still the train at the time may have been a half mile or more away. Plaintiff probably could have been discovered in time to have stopped the train, after he suddenly went on the track, if the engineer had been on "proper lookout," or if the head switchman riding on the front car as watchman had been on "proper lookout," had seen plaintiff on the track, and had immediately signaled the engineer. This charge ignores these inferences from the evidence.

As this case must be reversed, it will serve no good purpose to analyze the evidence, comment thereon, and show on a material issue with this testimony that the general charge for defendant should be refused.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.