(96 South. 593)

**SCARPULLA v. GIARDINA et al.**
**(6 Div. 774.)**

(Supreme Court of Alabama. Feb. 10, 1923. Rehearing Denied May 31, 1923.)

**1. Trial ⊕⇒194(16)—Charge as to necessity that alleged negligence be proximate cause of injuries held not erroneous as invading jury's province.**

In an action for the death of a child run over by a truck, which the complaint alleged defendant "negligently drove or moved * * * over or upon" deceased, a charge that, even if the jury found from the evidence that it was backed without warning, they could not find for plaintiff, unless the failure to give warning was the proximate cause of the fatal injuries, *held* not erroneous as invading the jury's province to determine whether such failure and failure to look before backing the truck were jointly and concurrently the proximate cause.

**2. Trial ⊕⇒253(9)—Charge as to effect of child's lack of sufficient intelligence to heed warning signal held erroneous as ignoring alternative possibility.**

In an action for the death of a three year old child run over by a truck, which the evidence tended to show was backed without warning and without looking for persons in a perilous position, a charge that the jury could not find for plaintiff because the driver failed to give a signal if deceased did not have sufficient judgment, discretion and intelligence to heed such signal, if given, *held* erroneous as ignoring plaintiff's theory that the injury was the proximate result of two concurring causes, since the jury might have believed that deceased had sufficient intelligence, instinct, or both, to become frightened by such signal, and to run, so that the driver could have seen him before backing the car.

**3. Trial ⊕⇒296(3)—Charge denying recovery if defendants were guilty of no wrongful or negligent act held misleading as leaving out "omission," but not reversible error in view of oral charge.**

In an action for the death of a child run over by a truck, which the complaint alleged defendant "negligently drove or moved" over the child's body, a charge that, if defendants were guilty of no "wrongful or negligent act," the jury could not award plaintiff any damages, *held* misleading in leaving out the word "omission," included in the statute (Code 1907, § 2485), but not reversible error, in the absence of a request for an explanatory charge when considered in connection with the court's oral charge, which clearly included wrongs of omission as well as commission.

**4. Appeal and error ⊕⇒1075—Charge which appellant admits was not reversible error not considered.**

A charge, the giving of which appellant admits in his brief was not reversible error, will not be considered.

Anderson, C. J., and McClellan and Sayre, JJ., dissenting. Miller, J., dissenting in part.

Appeal from Circuit Court, Jefferson County: Romaine Boyd, Judge.

Action by Rosario Scarpulla, as administrator of the estate of Arcangelo Scarpulla, deceased, against Paul and Mike Giardina, individually and as partners doing business under the firm name of Giardina Bros. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Weatherly, Birch & Hickman, of Birmingham, for appellant.

Charge 3 invades the province of the jury and misstates the law applicable to this case. B. R., L. & P. Co. v. Wright, 153 Ala. 99, 44 South. 1037; 12 Michie's Ala. Dig. pp. 500, 506; Decatur Light Co. v. Newsom, 179 Ala. 127, 59 South. 615; Woodward Iron Co. v. Thompson, 205 Ala. 490, 88 South. 438; Montgomery Light Co. v. Thombs, 204 Ala. 678, 87 South. 205; Woodward Iron Co. v. Brown, 167 Ala. 316, 52 South. 829; McGeever v. O'Byrne, 203 Ala. 266, 82 South. 508. Charge A, given for defendants, is defective in pretermitting negligent omissions of duty. Code 1907, § 2485; McCaa v. Thomas, 207 Ala. 211, 92 South. 414; Little Cahaba Co. v. Arnold, 206 Ala. 598, 91 South. 586; Burton v. State, 115 Ala. 13, 22 South. 585. Authority supra. The presumption should be that any child three years of age instinctively understands such a danger signal as is ordinarily used on an automobile truck, and would instantly react in some manner to such signal. Charge 10 was erroneously given. Ga. Pac. Ry. Co. v. Blanton, 84 Ala. 158, 4 South. 621; Government St. Ry. v. Hanlon, 53 Ala. 78; B. R., L. & P. Co. v. Hinton, 141 Ala. 606, 37 South. 635.

Stokely, Scrivner & Dominick and Engel & Mudd, all of Birmingham, for appellees.

Charge 3 is a correct statement of the law, and was properly given for defendant. 29 Cyc. 651; B. R., L. & P. Co. v. Jones, 146 Ala. 277, 41 South. 146; Gilbert v. So. Bell. T. & T. Co., 200 Ala. 315, 75 South. 315; L. & N. R. Co. v. Handley, 174 Ala. 593, 56 South. 539; Brown v. Yielding, 206 Ala. 504, 90 South. 499; Forbes v. Plummer, 198 Ala. 162, 73 South. 451; Butterworth v. Cathcart, 168 Ala. 262, 52 South. 896; Farmers' & Merchants' Bank v. Hollind, 200 Ala. 371, 76 South. 287; 14 R. C. L. 794. It was for the jury to determine whether the boy had sufficient intelligence to heed a warning signal, and charge 10 was given without error. Authorities supra; Wise v. Schneider, 205 Ala. 537, 88 South. 662. There was no error in giving charge A for the defendant. Hutchins v. Sherman, 82 Fla. 167, 89 South. 430; B. R., L. & P. Co. v. Simpson, 177 Ala. 475, 59 South. 213; N., C. & St. L. Ry. Co. v. Bingham, 182 Ala. 640, 62 South. 111; Caldwell-Watson Co. v. Watson, 183 Ala. 326, 62 South. 859; B. R., L. & P. Co. v. Friedman, 187 Ala. 562, 65 South. 939; Fowlkes v. Lewis, 10 Ala. App. 543, 65 South. 724; Ala. Con. C. & I. Co. v. Cowden, 175 Ala. 108, 56 South. 984; Higdon v. Fields, 6 Ala. App. 281, 60 South. 594; Sheffield Co. v. Harris, 183 Ala. 357, 61 South. 88; Birmingham Fuel Co. v. Taylor, 202 Ala. 674, 81 South. 630; L. & N. R. Co. v. Davis, 196 Ala. 14, 71 South. 682; B. R., L. & P. Co. v. Jackson, 198 Ala. 378, 73 South. 627; Quarles v. Kendrick Mercantile Co., 16 Ala. App. 486, 79 South. 160; Covington Mfg. Co. v. Ferguson, 204 Ala. 192, 85 South. 726; 14 R. C. L. 817; Little Cahaba Coal Co. v. Gilbert, 178 Ala. 515, 59 South. 445; Aquilino v. B. R. L. & P. Co., 201 Ala. 34, 77 South. 328; B. R., L. & P. Co. v. Simpson, 177 Ala. 475, 59 South. 213; Randle v. B. R., L. & P. Co., 169 Ala. 314, 53 South. 918.

MILLER, J. Rosario Scarpulla, as administrator of the estate of Arcangelo Scarpulla, deceased, appellant, brings this suit against Paul Giardina and Mike Giardina, individually and as partners doing business under the firm name of Giardina Bros. It is an action by appellant, the plaintiff below, for damages under section 2485 of the Code of 1907, charging that Mike Giardina, while in charge of and operating a motor truck of Giardina Bros. in the ordinary course of the firm's business, negligently drove or moved the truck over or upon the body of Arcangelo Scarpulla, a three year old son of the administrator, inflicting injuries on the child, from which as a proximate result thereof he died. The jury returned a verdict in favor of the defendant. Judgment was rendered on it by the court. From it the plaintiff prosecuted this appeal, and assigned as errors separately four written charges requested by the defendant, which were given by the court.

Giardina Bros. were engaged in the grocery business. About 5 o'clock in the afternoon of August 17, 1921, Mike Giardina, a member of the firm, drove the truck of the partnership in front of the house of Pete Scarpulla, brother of plaintiff, and parked it at an angle with, the left side being next to, the curb. He stopped the engine, got out of the truck, went to the rear of it, opened the door, took out groceries, and carried them into the house of Pete Scarpulla. He saw no child in the street or vicinity of the car when he stopped and left it. He remained in the house a few minutes, came out, bringing an empty box, walked on the left side to the rear of the truck, put the box in it, closed the door, went along the right side to the front end of the truck, cranked it, then got into it, looked back through the screen in the rear of the truck, gave no signal by blowing the horn of the car, put his car in reverse, and started backwards at a rate of speed not exceeding four miles an hour. No one was in sight when he returned to the street, and he saw no child on the street or in that vicinity. When the truck backed he felt a bump

from the left hind wheel running over something, then a bump from the front wheel, and then, as he continued to back, the child was seen by him for the first time. It was then in front of the truck. He stopped the truck, got out, picked up the child, and took him and his uncle in the truck to a hospital.

One witness testified he lived near the place; that he stepped out on his porch just before the backing of the truck, and at that time the little boy (deceased) was standing immediately back of the left rear wheel, and underneath the body of the truck. The left rear wheel struck the boy as it moved back, knocked him down, and passed over his body. The boy was three years and one month old, about two feet tall, and was not as tall as from the ground to the floor under the truck. He died from the wounds. Photographs of the truck, its location, streets and houses at the time and place of the injury were introduced in evidence.

[1] Charge No. 3, requested by the defendant, was given by the court, and is as follows:

"The court charges the jury that, even though you find from the evidence that the defendant's chauffeur backed the truck without giving any warning, you cannot return a verdict for the plaintiff on that account, unless you further find that the failure to give a warning was the proximate cause of the fatal injuries."

This charge invades the province of the jury, and is argumentative. From this evidence under this complaint—only one count in it—the jury might have found that the injury was the result of two proximate or concurring causes. No verdict could be based on the failure to give warning or signal under the city ordinance before backing the car under that charge unless the jury believed from the evidence that was the proximate cause—the sole cause—of the fatal injury. They could not under that charge find it was one of the proximate causes concurring with other proximate causes to produce the injury. It was within the province of the jury under that one count in the complaint to find that the failure to give warning was a contributory and not the sole proximate cause of the death of the child. This was only one of other forms of negligence averred in the complaint. If the signal warning had been given, the child might have changed his position so it could have been seen by the defendant Mike Giardina, if he had looked for persons in the way before backing the truck, and thereby might have seen the child and his danger, and prevented the injury. Thus the failure of defendant to give the warning and the failure of defendant to then look for persons close enough to the car to be in danger may have both contributed to and in combination caused the result, when the former without the latter, and the latter without the former, would not have caused it.

This one count in the complaint charges that defendant negligently drove the truck against, over, or upon the body of the child. It was the duty of the chauffeur under the city ordinance to give a signal warning before backing the truck, and it was the duty of the chauffeur to look for persons in dangerous proximity to the truck before backing it. This count involves and includes in its allegation a breach of each of these duties. It was within the province of the jury to decide from the evidence that the child was of sufficient intelligence and instinct to hear and be moved by a warning signal. It was within the province of the jury under that count to find the warning signal was not given before the truck was backed, and to find if it had been given the child would have heard and heeded it by being frightened, and run, or changed his position, so, if the chauffeur had then looked before backing the truck, he could have seen the perilous position of the child; and the failure to give the warning signal and the failure then to look before backing the truck, both of which duties rested on the defendant, were jointly and concurrently the proximate cause of the injury. Under this one count in the complaint, and under the evidence, it was within the province of the jury to so decide; but charge No. 3 took it from them. The court erred in giving it to the jury. 29 Cyc. p. 652, headnotes 7 and 8; Decatur Car Wheel v. Mehaffey, 128 Ala. 242, headnotes 5 and 10, 29 South. 646; B. R., L. & P. Co. v. Wright, 153 Ala. 99, headnote 11, 44 South. 1037; Woodward Iron Co. v. Brown, 167 Ala. 316, headnote 8, 52 South. 829; Woodward Iron Co. v. Thompson, 205 Ala. 490, headnote 3, 88 South. 438; Butterworth v. Cathcart, 168 Ala. 262, headnote 9, 52 South. 896; Wise v. Schneider, 205 Ala. 537, headnotes 2 and 3, 88 South. 662.

[2] The court erred in giving the following charge, numbered 10, to the jury:

"The court charges the jury that, if they find from the evidence that the deceased did not have sufficient judgment, discretion, and intelligence to heed a warning signal if any had been given before moving the truck, then you cannot find for the plaintiff because the driver of the truck failed to give a signal."

This charge, like charge No. 3, ignores the tendency of the evidence and theory of the plaintiff thereon that the injury was the result of two concurring or proximate causes, failure to give signal warning, and failure to look, after giving the signal, for persons in a perilous position before backing the truck. While the jury may have believed from the evidence the child did not "have sufficient judgment, discretion, and intelligence to heed a warning signal," and get out of its way, yet he had sufficient intelligence or instinct, one or both, to hear and become frightened by a signal warning, and to run, and change

his position so he could have been seen by the chauffeur before backing his car after the signal warning was given. This charge improperly relieves the defendant of the duty of giving the signal warning before backing the truck, if they find from the evidence that the child did not have sufficient judgment, discretion, and intelligence to heed a warning signal.

In this case, under the peculiar facts, the location of the child, under the body of the car behind and near the rear left wheel, unseen by the chauffeur, makes it within the province of the jury to decide if the warning signal had been given the child would have become frightened thereby by instinct or intelligence, or both, and changed its position, so it could have been seen by the chauffeur, if he had looked before backing his truck. The charge (10) ignores that tendency of the evidence, and it should have been refused. See authorities supra. See, also, Ga. Pac. Ry. v. Blanton, 84 Ala. 158, 4 South. 621.

[3] The court gave this charge lettered A, requested by the defendant:

"The court charges the jury that damages in this case are punitive and are awarded for the purpose of punishing the defendants for a wrongful or negligent act, and, if they find from the evidence that the defendants were guilty of no wrongful or negligent act, they cannot award the plaintiff any sum of damages."

Appellant claims error in giving this charge because it uses the words "wrongful or negligent act," instead of the exact and all the words of the statute (section 2485), "wrongful act, or omission, or negligence." This complaint charged the defendant "negligently drove or moved said motor truck against, over, or upon the body" of the child, etc. This, of course, includes negligent acts and omissions. The complaint does not use the words of the statute, "wrongful act or omission or negligence." This charge was misleading, at most, in its tendency, in leaving out the word "omission." It could have been refused on that account, but its giving was not reversible error. The plaintiff should have requested an explanatory charge, correcting its misleading tendency. The oral charge of the court clearly included wrongs of omission and commission. When this charge is considered in connection with the oral charge, its misleading tendencies were cured and explained by it; and, if its giving was error, it was without injury, and not reversible. Randle v. B. R., L. & P. Co., 169 Ala. 314, 325, 326, headnotes 7 and 8, 53 South. 918.

[4] Appellant admits in brief that charge No. 19, given by the court at defendant's request, was not reversible error, so we will not consider it.

For the error mentioned in giving charge No. 10, the judgment is reversed, and the cause remanded.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur with the writer in his treatment and the reversal of the case for giving charge 10.

None of the Justices concur with the writer in his treatment of charge No. 3.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., think the case should be affirmed; that the two charges numbered 3 and 10 were not erroneous, but if calculated to mislead, they could have been explained by explanatory charges.

Reversed and remanded.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur, as indicated.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., dissent.