# Alabama Great Southern Railroad Co. v. Richie.

*Action to recover Damages for Personal Injuries.*

1. *Rule governing employé; pleading necessity for violation of.*—In an action by a brakeman against a railroad company to recover damages for personal injuries suffered by the plaintiff while between moving cars, a replication to a special plea setting up a rule of the defendant prohibiting employés "from getting between moving cars, while in motion, to uncouple them," which alleged that, at the time and place where the injury occurred, it was the duty of the plaintiff to uncouple the cars, that this duty could not be performed without going between the cars while they were in motion, and that it was the custom of plaintiff, acquiesced in by the defendant, to go between the cars, while in motion, for the purpose of uncoupling them, whenever it was necessary to do so, is defective, in that it fails to state the facts and circumstances which rendered it necessary for the plaintiff, in the discharge of his duty, to go between the cars while in motion, to uncouple them.

2. *Contributory negligence; correspondence between averments of plea and the evidence.*—Where the contributory negligence alleged in a plea consisted in the violation by the plaintiff of a rule of the defendant prohibiting employés "from getting between moving cars, while in motion, to uncouple them," the plea is not sustained if the facts and circumstances, at the time and place, justified the plaintiff

[Alabama Great Southern Railroad Co. v. Richie.]

in going between the cars, although the plaintiff may have been guilty of contributory negligence after getting between the cars.

3. *Negligence of engineer in moving train; what is not.*—Where it was the duty of the engineer to receive his orders as to the movements of the cars from the conductor, and the conductor was present discharging this duty, and the engineer obeyed the orders of the conductor in a proper manner, and had no notice or information that such obedience imperilled the plaintiff, the act of the engineer, in obedience to the orders of the conductor, did not constitute negligence on his part, however negligent the conductor may have been in giving the orders.

4. *Contributory negligence of brakeman in getting between deadwoods of cars in motion.*—The danger of getting between the deadwoods of cars in motion, and liable to come together, is so obvious that an employé who takes such risk, when there is ample room on either side, and when there is no necessity for such action, is guilty of such contributory negligence as to prevent his recovery of damages resulting from such negligence, and this independent of any rule of the employer.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WM. W. WILKERSON.

This action was brought by the appellee, William E. Richie, against the Alabama Great Southern Railroad Company, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant or of its employés.

The appellee was a brakeman in the employ of the defendant, and while engaged in uncoupling some cars at a station along the defendant's road, he had his left arm mashed at the elbow joint so badly that it necessitated amputation, the injury occuring after he had drawn the coupling pin, and after the cars uncoupled had separated from each other. The facts of the case as disclosed on the present appeal are substantially the same as reported on the former appeal, and found in 99 Ala. 346. The facts of the case necessary to a full understanding of the decision on this appeal are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

A. G. SMITH, for appellant.—The plaintiff was not entitled to recover in this case for the reason that even

if the engineer was negligent (which is not admitted), the plaintiff was himself guilty of proximate contributory negligence and was hurt by reason thereof and by reason of a violation of a known rule of the defendant.—*Davis v. Western Ry. Co.*, 107 Ala. 626; *A. G. S. R. R. Co. v. Richie,* 99 Ala. 346; *R. R. Co. v. Kornegay*, 92 Ala. 228; *R. R. Co. v. O'Shields*, 90 Ala. 29; *R. R. Co. v. Crawford*, 89 Ala. 240; *R. R. Co. v. Webb*, 90 Ala. 185; *R. R. Co. v. Meadors*, 95 Ala. 137; *Pryor v. L. & N. R. R. Co.*, 90 Ala. 32; *R. R. Co. v. Hissong*, 97 Ala. 187; *Andrews v. B. M. R. R. Co.*, 99 Ala. 440; *R. R. Co. v. Burton*, 97 Ala. 240; *R. R. Co. v. Free*, 97 Ala. 231; *R. R. Co. v. Graham*, 94 Ala. 545; *Warden v. R. R. Co.*, 94 Ala. 278; *R. & D. R. R. Co. v. Thomason*, 99 Ala. 471; *Wolsey v. L. S., &c. R. R. Co.*, 33 Ohio St. Rep. 227; *R. R. Co. v. Davis*, 92 Ala. 300; *O'Neill v. R. R. Co.*, 45 Iowa 546; *R. R. Co. v. Wallace*, 76 Texas, 636; *Prather v. R. R. Co.*, 80 Georgia 427; *Chambers v. R. R. Co.*, 91 N. C. 475; *Francis v. R. R. Co.*, 110 Mo. 387; Bailey on Master's Liability, p. 87 and notes.

J. M. MARTIN and J. M. FOSTER, *contra.*—There was no error in overruling the demurrer to appellee's replication to plea of contributory negligence. The replication is a good answer to the plea. It sets up that the disobedience was necessary to the performance of the duty then imposed on plaintiff.—*M. & C. R. R. Co. v. Graham*, 94 Ala. 545; *Hissong v. R. & D. R. R. Co.*, 91 Ala. 514; *Alexander v. L. & N. R. R. Co.*, 83 Ky. 589; *R. & D. R. R. Co. v. Rudd*, 88 Va. 648; *E. L., &c. R. R. Co. v. Scott*, 71 Texas, 703; *Mason v. R. & D. R. R. Co.*, 18 L. R. Ann. 845. The replication also avers that he, plaintiff, with the acquiescence of the defendant, had habitually disregarded the rule, when the violation of it was necessary to the performance of his duty. This was a complete answer.—*R. & D. R. R. Co. v. Hissong*, 97 Ala. 187; *L. & N. R. R. Co. v. Richardson*, 100 Ala. 232; *White v. L., N. O. & T. R. R. Co.* 16 So. Rep. 248; *Atkyn v. Wabash Ry. Co.*, 41 Fed. Rep. 193; *L. & N. R. R. Co. v. Foley*, 15 Ky. L. R. 17; *Hall v. C., B. & N. R. R. Co.*, 46 Minn. 439; *North. Pac. R. R. Co. v. Nickels*, 1 C. C. A. 625.

COLEMAN, J.—The action is to recover damages for personal injuries. The pleadings have been somewhat changed, since the case was here on a former appeal, but the evidence is very near the same.—99 Ala. 346. The injury occurred while the plaintiff, who was a brakeman, was between moving cars. For a special plea, the defendant set out a rule of the company, which, among other things, prohibited employés "from getting between moving cars, while in motion, to uncouple them." To this special plea the plaintiff filed a replication, which, in substance, averred that, at the time and place where the injury occurred, it was the duty of the plaintiff to uncouple the cars, and that this duty could not be performed without going between the cars, while they were in motion; and that it was the custom of plaintiff, acquiesced in by the defendant, to go between the cars, while in motion, for the purpose of uncoupling them, whenever it was necessary to do so. To this replication the defendant demurred, assigning several grounds. We are of opinion the third assignment was well taken, and should have been sustained. The vice of the replication pointed out by this assignment was that it failed to state the facts and circumstances which rendered it necessary for the plaintiff to go between the cars while in motion to uncouple them, in discharge of his duty. The defendant was not informed by the replication what facts were relied upon by the plaintiff to absolve him from an observance of the rule, and could not prepare to meet the issue presented by the replication.

The principles of law applicable to this case are easily understood and not of difficult application. First, it is the law that, while the rule which prohibits employés from going between moving cars to uncouple them is reasonable, and should be enforced, emergencies may arise which require prompt action on the part of the employés, and which cannot be successfully met without a violation of the rule.—*Memphis & Charleston R. R. Co. v. Graham*, 94 Ala. 545; *Ga. Pac. R. Co. v. Davis*, 92 Ala. 310. In the latter case it appears that the injured employé had no knowledge of the rule. The principle of law which relieves an employé from complying with a reasonable rule of his employer, under urgent necessity, as well as that principle which, by reason of custom and

acquiescence on the part of the employer, will justify the inference that the employer has abandoned the rule established by him, were never intended to shield an employé from the consequences of his own culpable negligence. The authorities are clear on this proposition. *Andrews v. Birmingham Mineral R. R. Co.,* 99 Ala. 440; *Warden v. Louisville & Nashville R. R. Co.,* 94 Ala. 277; *Kansas City, Memphis & Birmingham Railroad Co. v. Burton,* 97 Ala. 240. The circumstances in each case must determine the necessity for dispensing with the rule. A mere question of convenience, or of saving time, no other pressing interest being involved, will not justify a disregard of the rule. Much argument has been expended on the last clause of the replication, as it averred that the defendant had waived the rule generally as to the plaintiff; but by definite terms the waiver is confined to cases of necessity.

The negligence counted on in the complaint is that the engineer ''did wrongfully and negligently drive and propel his said engine and cars against and upon the plaintiff.'' The general issue was pleaded, and also a plea of contributory negligence. There is no plea of contributory negligence, in that the plaintiff was negligent after going between the cars, or in going between the cars while moving. By the plea, the negligence of the plaintiff is made to rest upon a violation of the rule. If the facts and circumstances, at the time and place, justified the plaintiff in going between the cars, the plea would not be sustained, although the plaintiff may have been guilty of contributory negligence after going between the cars. We think the pertinency of this statement will appear hereafter.

Upon the general issue, the burden was upon the plaintiff to show negligence on the part of the engineer. We have stated that the replication was defective, and the court erred in not sustaining the demurrer. We cannot anticipate the evidence on another trial, but will declare some general principles which seem applicable to the case. The evidence shows that the deadwoods between the cars are of such a length and so constructed as to afford perfect security to one standing between the cars, unless he places his person between the deadwoods. The danger of getting between the deadwoods of cars in motion, and liable to come together, is so obvious that

an employé who takes such risk, when there is ample room on either side, and when there is no necessity for such action, will be guilty of such negligence as to destroy the right to recover damages resulting from such negligence, and this, independent of any rule of the company. Merely being between the deadwoods of two cars, rightfully in the discharge of duty, when the circumstances are such that, without negligence on the part of some other person, there is no danger, would not constitute negligence *per se*. What are the facts in the case? The train consisted of twenty cars standing on an up grade. It required power to hold the train in position. All the cars were loaded except the hindmost car, which was empty and to be cut off. To enable the brakeman to uncouple this car it was necessary to back the engine, so as to give slack. To accomplish this, the engine had to be backed a sufficient distance and with sufficient force to transmit the slack from each car to the last. This was done, and the car uncoupled, and the engineer was then signalled to stop the cars. After the car was uncoupled, the plaintiff remained between the cars, and was caught between the deadwoods. Common sense would teach a man that loaded cars would move more rapidly down grade than an empty car, and, unless checked, would overtake them. The plaintiff was bound to ascertain whether the engineer had obeyed the signal and stopped the train of cars, before he could justly venture between the deadwoods, there being no necessity for such a risk. He was bound to know that, however promptly the signal to check the cars was obeyed, the farthest cars would continue to roll after the uncoupled car until the slack between all the cars had been taken up, and the checking force reached the car next to the uncoupled car. To have encountered the risk sooner would have been culpable heedlessness and recklessness. These are questions of fact for the jury.

The plaintiff testifies that the cars came together with such force that the engineer must have propelled them back after he was signalled to stop, and, but for such negligence, he would not have been injured. As the case must be reversed for reasons stated, we will not comment on the evidence on this point. That is a fact which must be determined by an impartial jury. The plaintiff was permitted to introduce evidence that the

[Larkin v. Baty.]

defendant had failed to furnish him with "a stick or a knife." There were no facts introduced to show the relevancy of this evidence. It may have been the duty of the defendant to provide the plaintiff with a "knife and stick," but we do not judicially know it.

If the evidence satisfies the jury that it was the duty of the engineer to receive his orders as to the movements of the cars from the conductor, and the conductor was present discharging these duties, and the engineer obeyed the orders of the conductor in a proper manner, and had no notice or information that such obedience imperilled the plaintiff, the act of the engineer, in obedience to the orders of the conductor, would not constitute negligence on his part, however negligent the conductor may have been in giving the orders.

We deem it unnecessary to consider in detail the various assignments of error, as what has been said will sufficiently guide the court on another trial.

Reversed and remanded.