**MOBILE LIGHT & R. CO. v. GALLASCH.**
(1 Div. 241.)

(Supreme Court of Alabama. Oct. 18, 1923.)

**1. Carriers** ⊚⟜303(5)—**No negligence where motorman starts car on orders of conductor with no notice that a compliance will cause injury.**

If a motorman starts a car, acting solely upon the orders of the conductor, with no notice that a compliance will produce injury to a passenger, his act is not negligence.

**2. Carriers** ⊚⟜320(26)—**Question whether motorman knew of passenger and that she might be injured by starting the car held for the jury.**

Where the proof offered afforded a reasonable inference that notwithstanding the motorman received a signal from conductor, he knew of a passenger's position and that she would probably be injured by starting the car or raising the steps, a question of negligence for the jury is presented.

**3. Appeal and error** ⊚⟜525(3)—**Charge must be given or refused under statute to authorize court to consider on appeal.**

A charge must be indorsed "Given" or "Refused" to authorize the court to consider same on appeal.

**4. Trial** ⊚⟜133(2)—**No error where court after improper remarks tells jury that they are improper and there is no further objection from defendant.**

Where counsel for plaintiff, in an action against a street railroad for injuries to a passenger, improperly remarked to the jury that plaintiff was a mother and a wife and that damages should be increased for that reason, and on objection thereto the court told the jury, "That has nothing to do with the case," whereupon counsel said "a hit dog barks," no error can be predicated where the court on defendant's objection said, "Do not do that again," and there was no further objection that defend-

ant was unsatisfied with the action of the court.

**5. Appeal and error ⬦⊃978(2)—Action of the trial court will not be disturbed in overruling a motion for new trial unless improper remarks affirmatively appear prejudicial to defendant.**

The action of the trial court in overruling a motion for new trial on the ground of improper remarks of counsel, expressly finding that the remarks were not prejudicial to defendant as to result or damages assessed, will not be disturbed unless prejudice affirmatively appears from the entire record.

**6. Damages ⬦⊃130(2)—Verdict for $1,200 injury to passenger's ankle not so excessive as to show prejudice or passion by jury.**

Where defendant was unquestionably liable for the injuries to a passenger, and her ankle continued to trouble her for a year after the accident, a verdict for $1,200 is not so excessive as to indicate prejudice or passion in fixing the same.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Lizzie Gallasch against the Mobile Light & Railroad Company for personal injuries caused by being thrown from a street car while in the act of alighting therefrom. From a judgment for plaintiff for $1,200, defendant appeals. Affirmed.

Harry T. Smith & Caffey, of Mobile, for appellant.

The complaint is based on negligence of the motorman, and the undisputed evidence shows he was not negligent. Hence the defendant was due the general affirmative charge. A. G. S. v. Richie, 111 Ala. 297, 20 South. 49; L. & N. v. Williams, 172 Ala. 560, 55 South. 218; L. & N. v. Turner, 192 Ala. 392, 68 South. 277. The argument of plaintiff's attorney was improper and its affect was not removed by the action of the court. Florence Cot. & Iron Co. v. Field, 104 Ala. 471, 480, 16 South. 538; Mallory S. S. Co. v. Druhan, 16 Ala. App. 438, 78 South. 636; B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 350, 57 South. 876, Ann. Cas. 1914C, 1037; K. C. R. R. v. Sokal, 61 Ark. 130, 32 S. W. 497; Houston Waterworks v. Harris, 3 Tex. Civ. App. 475, 23 S. W. 46, 47; Rauhala v. Maki, 172 Mich. 112, 137 N. W. 703; Solomon v. Stewart, 184 Mich. 506, 151 N. W. 716, 718, Ann. Cas. 1917A, 942; Sullivan v. Collins, 107 Wis. 291, 83 N. W. 310, 312; Rotan v. Maedgen, 24 Tex. Civ. App. 558, 59 S. W. 585.

Outlaw & Kilborn and Inge & Bates, all of Mobile, for appellee.

There was evidence which, if believed, would entitle plaintiff to recover, and the general charge was properly refused. Martin v. Manning, 207 Ala. 360, 92 South. 659; Mobile L. & R. Co. v. Thomas, 16 Ala. App.

629, 80 South. 693. The argument of plaintiff's counsel was legitimate. Stewart v. Blair, 171 Ala. 147, 54 South. 506, Ann. Cas. 1913A, 925; Hobbs v. State, 74 Ala. 39. The court did what was asked with respect to the argument, and there was no error. Birmingham v. Carle, 191 Ala. 539, 68 South. 22, L. R. A. 1915F, 797; B. R., L. & P. Co. v. Sloan, 199 Ala. 268, 74 South. 359.

ANDERSON, C. J. [1, 2] True, the counts charge the injury to the plaintiff as proximately caused by the negligence of the motorman, and there was proof that he was acting upon signals or instructions from the conductor. If he acted solely upon the orders or instructions of the conductor, with no notice that a compliance with such instructions would probably produce injury, his act would not be negligence. A. G. S. R. R. v. Richie, 111 Ala. 297, 20 South. 49. The proof, however, in the case at bar, afforded a reasonable inference from which the jury could infer that, notwithstanding the motorman received a signal from the conductor, he knew of plaintiff's location and position and that she would probably be injured by starting the car or raising the steps, and the trial court did not err in refusing the affirmative charge requested by the defendant as to the entire complaint or either of the counts upon the theory that the negligence as charged against the motorman was not proven.

[3] Charge 6 requested by the defendant does not appear to have been indorsed "Given" or "Refused" by the trial court, as the statute requires so as to authorize this court to consider same. It is sufficient to say, however, that it was fully covered by defendant's given charge "A," which is perhaps more favorable to the defendant than charge 6.

[4-6] "The attorney for the plaintiff in his closing argument to the jury stated to the jury as a fact that the plaintiff was a mother and a wife and remarked that the jury knew what a mother meant to a home and urged the jury to increase her damages on account thereof. The defendant objected to this argument and the court sustained the objection, remarking: 'No, that has nothing to do with the case.' The attorney for the plaintiff then remarked to the jury: 'Gentlemen, a hit dog barks.' The attorney for the defendant thereupon called the court's attention to this remark as being highly improper and asked the court to instruct the jury to the effect that a remark of that kind was improper, but the court replied: 'Do not do that again. Go on with the argument gentlemen.'"

As to the first remark, the court not only sustained the defendant's objection but instructed the jury that it had nothing to do with the case. As to the second remark,

there was no objection to same, or motion to exclude, but the court was requested to instruct to the "effect" that it was improper. The trial court did not specifically tell the jury that the remark was improper, but did in effect do so by admonishing counsel not to do that again. Moreover, there was no further objection, suggestion, or exception to indicate that defendant was not satisfied with the action of the court. Hence, we cannot put the trial court in error in this respect as upon the main trial. Therefore, the question arises, as to whether or not these remarks were so erroneous and prejudicial that the action of the trial court in attempting to eradicate same failed to remove the sting to the extent that the same influenced the jury to the prejudice of the defendant. The trial court was present and was an eyewitness to all of the proceedings, and in overruling the defendant's motion for a new trial in effect found that said remarks were not prejudicial to the defendant. Therefore the action of the trial court in overruling the motion for a new trial will not be disturbed by this court unless it affirmatively appears from the entire record that the argument involved was probably prejudicial to the defendant, either as to result or the amount of damages assessed. Under one phase of the evidence, the defendant was unquestionably· liable, and while the injuries involved no broken limbs the plaintiff's proof showed that she suffered therefrom and that her ankle continued to trouble her up to the time of the trial, nearly a year after the accident, and we do not think that the verdict was so excessive as to indicate that the jury was moved by prejudice or passion in the fixation of same. Thames v. L. & N. R. R., 208 Ala. 255, 94 South. 487; B. Ry., L. & P. Co. v. Gonzales, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.