REID *et al. v.* McDEVITT.

(Division B.   Suggestion of Error Overruled, May 9, 1932.)

[140 So. 722.   No. 29940.]

J. M. Travis, of Meridian, and Max B. Reid, of Blythe-ville, Ark., for appellant.

228

W. S. Welch and Ellis B. Cooper, both of Laurel, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellants, plaintiffs in the court below, sued the appellee, Leo McDevitt, for the wrongful death of Charles R. Reid, an aged and unmarried man, who was killed in the town of Heidelberg, Mississippi, by a car operated by McDevitt. The injury occurred about 7:30 P. M., April 12, 1931, upon a street known as Twentieth street, or Jackson highway. It appears that the deceased was going from a café on said street in an angling direction across the street, his home being on the opposite side of the street, and at the time of the injury was walking on the left-hand side of the street going west. The car approached from the east without making any noise and

without sounding an alarm, and came in contact with the deceased. The appellee testified that he did not see the deceased until he was within four or five feet from the car, and that he (appellee) wheeled his car to the right to avoid hitting the deceased, and that the collision occurred at the car window on the left-hand side opposite the 'driver.

The deceased had a fractured skull, several broken ribs, and other bruises. He was blind on his right-hand side, and just a little thick of hearing. The car, at this time, was traveling on the left-hand side of the road, and the collision occurred some ten or twenty feet from the center, on the south side of the road. The deceased was knocked down after breaking the glass of the car with the impact, and, as some of the witnesses stated, "was kinder balled up." Several witnesses, some of whom were eye-witnesses, and one who was seventy-five yards away and could see the car, testified that they heard no signal, and did not hear the brakes until after they heard the impact of the collision.

The defendant testified that he was traveling with his lights dimmed in passing through the town, claiming that was the proper thing to do. He did not state how far he could see with his lights dimmed. He admitted that, when he crossed the street to the east, or where the collision occurred, he did not cross on the right-hand side, and that the deceased was only a short distance from this crossing when the collision occurred. The wife of the defendant was on the front seat of the car with him, and she testified that she did not see the deceased until within four or five feet of him. The defendant testified that he did not have time, after seeing the deceased, to sound the horn or alarm, but that he swerved his car seeking to avoid coming in contact with him.

The testimony was conflicting as to the rate of speed of the car, there being testimony that it exceeded the speed limit prescribed by the law, and others testifying

that it was traveling at twenty miles per hour, or less; twenty miles being the highest speed permitted by the statute in municipalities, and there being no municipal ordinances regulating the rate of speed.

There was a verdict for the defendant, from which this appeal was prosecuted.

The court instructed the jury for the defendant as follows: "The court instructs the jury for the defendant that the fact that the defendant may or may not have been on the defendant's left of the center of the road or street is not material and you cannot, under your oaths, return a verdict for the plaintiffs on this ground alone."

We think it was error to give this instruction. Section 5574, Code of 1930, among other things, provides as follows: "Any such person so operating, or causing to be operated, a motor vehicle, shall, at the intersection of public highways or streets, avenues or alleys of any city, town or village, keep to the right of the intersection of the center of the highways when turning to the right and pass to the right of such intersection when turning to the left. All pedestrians walking along the public highway shall walk on the left side of the road, or in such way as to face the direction from which cars using that side of the road are approaching."

It will be seen from a reading of the whole of section 5574 that pedestrians walking in the street must walk on the side from which cars usually approach, so as to face the approaching car, and cars traveling in the same direction as the person walking in the street will approach him from the rear if on the left-hand side of the street; it being the duty of the pedestrian to be on the left-hand side of the street. As the car of the defendant was on the left-hand side, and this side was not usually the side for cars to travel, going in the direction in which this particular car was going, it was under duty to keep a strict watch for pedestrians on said street who would

not, under the circumstances, be attracted to the fact that a car was approaching.

It is therefore very material to the decision, on which side of the street the defendant was traveling, and he was under duty to keep a strict watchout when he was on the left of the center of said street, as he was likely to overtake and injure persons traveling on the street with their backs to him. It may be true that, when there is no person in the street, the drivers of vehicles have the right to use any part of the street, but, in order that they may do so, the street must be clear of others equally entitled to its use, and, if not clear, then it is the drivers' duty to keep to the right-hand side of the road or street.

It is complained also that the court erred in giving the following instruction: "The court instructs the jury that the defendant was under no duty to sound his horn to warn the deceased, if defendant saw deceased so close to the automobile that he had no time in which to do so. However, it was the duty of the defendant to use reasonable care to discover persons in the highway in time to warn them of his approach."

As applied to the evidence in this case, we think it was error to give this instruction. Section 5572, Code of 1930, among other things, provides that, upon approaching persons walking in the highway, or animals being ridden, led, or driven, a person operating, or causing to be operated, a motor vehicle, shall give, or cause to be given, reasonable warning of its approach, and use every precaution to prevent injury to persons or animals.

It was, under the facts of this case, the duty of the driver of the automobile, since he was on the left-hand side of the road when he ought to have been on the right-hand side, to have kept a strict watchout, and to have given signals of his approach.

For the errors indicated, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.