31 So.2d 640

BIRMINGHAM ELECTRIC CO. v. PERKINS et al.

6 Div. 605.

Supreme Court of Alabama.

July 31, 1947.

428

Francis H. Hare, of Birmingham, for appellees.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

LAWSON, Justice.

On March 27, 1945, there was a collision between an automobile driven by Eugene Perkins, Jr., and a bus belonging to the Birmingham Electric Company (hereinafter sometimes referred to as the Electric Company) at the intersection of 21st Street and Avenue A in Birmingham. The automobile was owned by the driver's sister-in-law, Mrs. Juanita Perkins, who was in the car at the time of the collision. Just immediately prior to the collision both vehicles were proceeding in a southerly direction on 21st Street and the collision occurred as the Perkins car was being turned left into Avenue A.

Eugene Perkins, Jr., and Mrs. Juanita Perkins at the time of the collision were en route to the Perkins family home near Goldsboro, North Carolina, from Texarkana, Texas, where they had been to see Mrs. Juanita Perkins' husband, who was in the Army and who had been ordered to overseas duty.

Eugene Perkins, Jr., brought suit against the Electric Company claiming damages for personal injuries alleged to have been sustained by him as a result of the accident. Mrs. Juanita Perkins also filed suit against the Electric Company to recover damages for personal injuries and for property damage to her automobile.

The two cases were consolidated and tried together in the circuit court of Jefferson County. § 221, Title 7, Code 1940.

The trial of these cases resulted in separate verdicts in favor of the plaintiffs. Eugene Perkins, Jr., received a verdict in the amount of $250. The verdict for Mrs. Juanita Perkins was in the amount of $750. There was judgment in each case in accordance with the verdict. Motions for new trials having been overruled, the Electric Company has prosecuted appeals. Both appeals are presented here on the same record.

The trial court did not commit reversible error in refusing to give defendant's requested Charge No. 7. It gives undue prominence to one phase of the evidence. Aplin v. Dean, 231 Ala. 320, 164 So. 737; Birmingham R., Light & Power Co. v. Jones, 146 Ala. 277, 41 So. 146. This charge also contains the vice that it predicates nonliability on inability to avoid the collision after the automobile was cut to the left in front of the bus and ignores evidence of initial negligence. Birmingham R., Light & Power Co. v. Broyles et al., 194 Ala. 64, 69 So. 562.

The other assignments of error which are argued in brief of counsel for defendant (appellant) deal with alleged prejudicial remarks made by counsel for plaintiffs during the examination of witnesses and in his argument to the jury.

Prior to argument counsel for defendant moved for mistrial on two occasions on the ground that certain remarks made by counsel for plaintiffs were so prejudicial to defendant that the trial should be discontinued. Although the trial court refused to take the case from the jury it did sustain defendant's objections to the statements and when request was made the statement was excluded. Of such favorable rulings the defendant cannot complain here. Alabama Great Southern Railway Co. v. McFarlin, 174 Ala. 637, 56 So. 989. But if the remarks of counsel were so grossly improper and highly prejudicial that the wrong done was beyond remedy through action of the trial court, then the defendant is entitled to a new trial. Birmingham R., Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann.Cas.1914C, 1037; Pryor et al. v. Limestone County, 225 Ala. 540, 144 So. 18; Sinclair v. Taylor, 233 Ala. 304, 171 So. 728. The cases last above cited dealt with statements of counsel in argument but the rule of those cases is likewise applicable to statements made in the presence of the jury otherwise than in summation. By motions for mistrial and in motions for new trials the defendant in effect raised the point that the remarks were of such nature that neither retraction nor rebuke could have destroyed their influence.

■ We are called upon, therefore, to determine whether or not these remarks were so erroneous and prejudicial that the same probably influenced the jury to the prejudice of the defendant. Mobile Light & R. Co: v. Gallasch, 210 Ala. 219, 97 So. 733. The trial court was present and was an eyewitness to ^all of the proceedings and in overruling the defendant's motions in effect found that the remarks were not prejudicial to the defendant. Therefore the action of the trial court in denying the motions for mistrial and in overruling the motions for new trials will not be disturbed by this court unless it affirmatively appears from the entire record that the statements involved were probably prejudicial to the defendant, either as to result or the amount of damages assessed. Mobile Light & R. Co. v. Gallasch, supra; Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165.

■ The first statement of counsel for plaintiffs of which defendant complains was made to counsel for defendant during the cross-examination of Miss Betty Pullen, a witness for the defendant. The statement was, "You are not an awful bad man, you are just smart. You are trying to tell the witness how to answer the question." But defendant in assigning the above statement as error has picked it from its setting. An examination of the record discloses that the above remark was made in answer to a statement made by Mr. Simpson, counsel for defendant, as follows: "Mr. Simpson may be an awful bad man." These were only two of several statements made by counsel for both parties at this stage in the proceedings. Actually counsel for defendant did not invoke any ruling of the trial court on the particular remark of counsel for plaintiffs here involved. But an objection was sustained as to another statement made about the same time. We do not think the remark of counsel for plaintiffs above set out was such as to require that the case be taken from the jury or that a new trial be granted.

■ The other statement made by counsel for plaintiffs during the examination of witnesses about which defendant complains in brief was as follows: "He has got what is called a Sears-Roebuck brand of interro-gatories, about 75 of those things, and asking a man to make answer to each of them —he don't have to answer them that way." This statement was made by counsel for plaintiffs while counsel for defendant was cross-examining the plaintiff Eugene Perkins, Jr., as to answers which the witness had made to interrogatories propounded by defendant. The statement was excluded by the court and we think this action was sufficient to remove the injury, if any, engendered by this remark. So we hold that there was no error in denying the motion for mistrial and overruling the motions for new trials because of the making of said statement.

■ Nor will the action of the trial court in regard to the alleged prejudicial remarks made by counsel for plaintiffs during his argument to the jury be disturbed unless we conclude from the entire record that substantial prejudice to the defendant has resulted therefrom. Mobile Light & R. Co. v. Gallasch, supra; Birmingham Electric Co. v. Mann, supra.

■ In his closing argument counsel for plaintiffs stated: "There was a day when a soldier boy, a truthful country boy, was appreciated, if he was from Goldsboro, North Carolina." Counsel for defendant objected but the trial court took no action at that time. Counsel for plaintiffs continued with his argument, saying: "I don't want you to be prejudiced against these people because they come from Goldsboro, there was a day when the boy from Goldsboro was appreciated * * *." Counsel for defendant moved for a mistrial because of such argument. The trial court admonished the jury as follows: "That should not be considered. You are under oath and you should try the case according to the law and the evidence, and not on sentiment, and if you do, you will be breaking your oaths, or violating them, if you try it on sentiment. You try it on the law and the evidence. That is what you swore you would do."

Truman Perkins, the husband of plaintiff Mrs. Juanita Perkins and the brother of plaintiff Eugene Perkins, Jr., testified at the trial. The evidence showed that at the time of the accident he was a soldier but had been discharged at time of trial.

The evidence also showed that Perkins lived on a farm several miles distant from Goldsboro, North Carolina. Defendant's chief complaint against the argument above set out is in regard to the reference to "a soldier boy." We hold that the action of the trial court was entirely sufficient to remove any injury, if any there was, as a result of the reference to "a soldier boy."

The defendant called as witnesses two of the passengers on the bus at the time of the collision. One was a young lady, a student at Ramsay High School; the other, a practicing lawyer at the Jefferson County Bar. In closing argument counsel for plaintiffs stated: "They picked one girl out who could not see on account of the people in front, and they picked one man, a lawyer,—and I don't know what connection there is between the two lawyers." Counsel for defendant objected on the ground that such argument was an insinuation that there was some connection between counsel for defendant and the lawyer witness. Counsel for defendant also asked that the trial court instruct the jury that there was no basis for such an insinuation and that a mistrial be declared. Whereupon counsel for plaintiffs said, "I withdraw the statement," and the court sustained defendant's objection but made no ruling on the request for mistrial. We do not think that reversible error appears in this connection. We think the withdrawal of the statement by counsel for plaintiffs and the court's action in sustaining defendant's objection was sufficient to alleviate any possible injury. Counsel for defendant made no further objection, suggestion or exception to indicate that he was not satisfied with the action of the court after his objection to the statement was sustained and counsel for plaintiffs had withdrawn the statement. The question as to whether the action taken by the court is sufficient to remove the alleged injury depends on the facts and circumstances of each particular case.

In closing argument counsel for plaintiffs made a statement which counsel for defendant thought not supported by the evidence. A lengthy discussion took place between them in regard to the evidence on that point but no action of the trial court was ever invoked thereon. We find nothing in connection therewith which would warrant a reversal of the cause.

Defendant insists that under the rule of the case of Blue v. State, 246 Ala. 73, 19 So.2d 11, this cause should be reversed in that the cumulative effect of the before-referred to statements of counsel for plaintiff clearly created an atmosphere prejudicial to defendant. With this contention we cannot agree. We find no similarity between the facts of the Blue case, supra, and the instant case.

Under one phase of the evidence the defendant was liable and while the personal injuries suffered by the plaintiffs were not shown to have been extremely serious, we think they were sufficient to justify the verdicts awarded. As to the plaintiff Mrs. Juanita Perkins, the verdict in her favor was not only for her personal injuries but for damage to her automobile. We cannot say that the verdicts were so excessive as to indicate that the jury was moved by prejudice or passion in the fixation of same. Mobile Light & R. Co. v. Gallasch, supra.

We have considered the assignments of error argued by counsel and our opinion is the judgments should be affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.