105 So.2d 110

**HARVEY RAGLAND COMPANY, Inc., et al.**

v.

**Wiliam E. NEWTON.**

**6 Div. 211.**

Supreme Court of Alabama.

Aug. 28, 1958.

Rehearing Denied Sept. 25, 1958.

London, Yancey, Clark & Allen, Jas. E. Clark and Bibb Allen, Birmingham, for appellants.

194

Higgins, Windham, Perdue & Johnson, Birmingham, for appellee.

MERRILL, Justice.

This is an appeal by defendants from a judgment of the trial court granting plaintiff's motion for a new trial. Plaintiff sued for injuries received while he was a pedestrian crossing U. S. Highway 31 in Warrior, and he was hit by the truck of defendant Harvey Ragland Co. while being driven by defendant Laminack. The complaint was in two counts, but the wanton count was withdrawn and the cause was submitted to the jury on the count charging simple negligence. The jury returned a verdict in favor of defendants, and the trial court granted plaintiff's motion for a new trial.

The motion for new trial contained 72 grounds. In the ruling on the motion the trial court stated in part:

"In view of the decision to be hereinafter noted the court feels that it is proper that certain grounds of this motion be disposed of as being without merit or at least if error was committed it was insignificant and without any possible injurious result to the plaintiff. First of all, grounds 1 to 13 inclusive, presenting the question of the weight of the evidence are clearly without merit. The evidence was substantial, if believed, which completely sustained the verdict that was render-

ed. By the same token there was also substantial evidence, which if believed by the jury, would have permitted a verdict for the plaintiff. The court is also of the opinion that the matters presented in the motion and as set out in grounds 12, 13, 21 to 40 inclusive; 45, 47, 48–53 inclusive are without merit. Likewise, all of the grounds which present the rulings of the court on requested charges as set out in grounds 56 to 72 do not present error, if any, on which this motion should be granted.

"After careful consideration of the matters presented in the other grounds not hereinabove enumerated, and without a discussion of any of them, the court has reached the conclusion that a new trial should be awarded the plaintiff. Accordingly, the judgment and verdict is hereby set aside and a new trial awarded, the defendants separately and severally except to the rulings on this motion."

■■ We agree with the trial court that the grounds specifically mentioned are without merit, and we discuss only those grounds which the trial court considered as meritorious in granting the motion for a new trial. If there was any proper ground in the motion, the court's ruling on the motion was correct. Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224.

■ But here the court expressly held that the evidence was substantial and "completely sustained the verdict that was rendered." When so, the following from Alabama Great Southern R. Co. v. Gambrell, 262 Ala. 290, 78 So.2d 619, 621, is applicable:

"The plain language of the court, however, shows that an adequate verdict has been returned in the opinion of the court. If this be true, should we disregard the rights of the parties to the cause? The fact that the verdict is not unjust is a material if not a

decisive factor in determining whether the new trial should be granted. Alabama Power Co. v. Bowers, [252 Ala. 49, 39 So.2d 402] supra; American Railway Express Co. v. Reid, 216 Ala. 479, 113 So. 507; Mobile Light & R. Co. v. Gallasch, 210 Ala. 219, 97 So. 733."

Grounds 14 and 15 are concerned with rulings of the court during the cross-examination of Highway Patrolman Boutwell, who on direct had testified, without objection, to some statements the driver Laminack had made to him.

"Q. I will ask you if he made any statement with reference to his speed before and at the time of the accident?

"Mr. Perdue: We object to that, hearsay.

"The Court: Any part of the conversation gone into, he would be entitled to develop the other part. You didn't object to this other part. I will overrule the objection.

"A. Yes, sir, he stated at the time there shortly prior to the accident he was driving 15 to 20 miles an hour.

"Q. All right, sir, did he give you an estimate of his speed at the moment of the accident? If so, what is it?

"Mr. Perdue: Same objection.

"The Court: Same ruling.

"A. Ten miles an hour."

■ Assuming, without deciding, that the court erred in these rulings, it was rendered harmless by later evidence. Plaintiff introduced Laminack's answers to interrogatories which stated the speed exactly as testified to by Patrolman Boutwell. Laminack testified to the same speed at the trial. Three other witnesses, two for plaintiff and one for defendant, testified without objection as to the speed Laminack was driving at the same time and place, and their estimates were within five miles per hour of Laminack's, and all estimates were far below the lawful speed limit in effect at the place of the accident. Prejudicial error may not be predicated upon the admission of evidence which has been admitted without objection or motion to exclude at some other stage of the trial. Foster & Creighton Co. v. St. Paul Mercury Ind. Co., 264 Ala. 581, 88 So.2d 825; Mobile City Lines v. Hardy, 264 Ala. 247, 88 So.2d 393; Bailey v. Tennessee Coal, Iron & R. Co., 261 Ala. 526, 75 So.2d 117; Lindsay v. Barton, 260 Ala. 419, 70 So.2d 633.

■■ Grounds 16 through 20 inclusive all relate to the same matter which is adequately stated in ground 19:

"19. For that the attorneys for the defendants prejudiced the rights of this plaintiff by continually injecting into the case the highway patrol report in regard to this accident, after the court had ruled that such report was not admissible."

Defendant offered the highway patrol report into evidence three times, and at another time made the following remark: "We object unless he (opposing counsel) will let us introduce the report." The trial court properly sustained plaintiff's objections. Pike Taxicab Co. v. Patterson, 258 Ala. 508, 63 So.2d 599. Appellee contends that it constitutes a ground for a new trial if counsel, in disregard of the court's ruling that a certain line of evidence is inadmissible, persists in attempting to get such evidence before the jury to the prejudice of the unsuccessful party. This principle was stated and applied in Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389, 393. The questions asked there were both repeated and prejudicial, and this court said that:

"* * * we think through the persistent conduct of counsel for plaintiff the incompetent proof was so presented to the jury as to leave upon their

minds an ineradicable impression. It permeated the entire trial without reproof or condemnation, and that it was of a highly prejudicial character is clear, and, indeed, the gross excessiveness of the verdict rendered adds strong indication of its ineradicable nature."

We do not think that the situation and circumstances in the Blackwell case are similar to those in the instant case. The patrolman had testified to many facts from the report, and others had testified to the same facts. There is a great difference in making three separated offers of a Highway Patrol report and the following small part of the prejudicial questions asked in the Blackwell case, where plaintiff was suing for burns received while a patient in the hospital:

"Dr. Stephens was asked whether or not he had heard of other people getting burned at defendant hospital. The objection was sustained, and the ruling immediately followed by the question, 'Have you or have you not?' Objection again sustained, and the witness was then asked whether or not he had heard of a particular person, one Coe, getting burned at what is 'now known as the Birmingham Baptist Hospital, Incorporated.'"

We are unable to say that an "ineradicable impression" had been left on the minds of the jury or that a prejudicial atmosphere against the plaintiff was developed by the offers into evidence of the report, and no reversible error appears in this connection.

Ground 41 is based on the following:

"Q. I will ask you if you know you hadn't been having trouble with the brakes on that particular truck?

"Mr. Clark: We object to that, Your Honor. There is no evidence they had ever had any trouble with the brakes and he can't put that on. The statement isn't made in good faith.

"The Court: I think if he knows with reference to the brakes—I will overrule."

Appellee contends that the remark—"the statement isn't made in good faith"—constituted an attack upon the sincerity of counsel for appellee and cites Sinclair v. Taylor, 233 Ala. 304, 171 So. 728; Birmingham Electric Co. v. Ryder, 225 Ala. 369, 144 So. 18, and Birmingham Railway, Light & Power Co. v. Drennan, 175 Ala. 338, 57 So. 876. In the latter case, plaintiff's counsel, in closing argument, said to the jury: "I know Hugh Morrow, and I know what I am going to tell you about him is true. I know that if he was on the jury trying this case that he would render a verdict in favor of the plaintiff in a large amount." Hugh Morrow was the defendant's attorney; he objected and the court sustained the objection. In that case this court held that the trial court did all that it was requested to do, and no error was committed until the trial court failed to grant the motion for a new trial when the incident was cited as a ground for the motion. Then this court correctly held that the action taken by the trial court during the trial was not sufficient to eradicate the erroneous impression it may have produced on the minds of the jury

■ Here, the court also ruled in favor of appellee and the first complaint was made on a motion for a new trial. It has long been the rule that where no objection is made to remarks of counsel, it is too late to urge them as reasons for a new trial at a later date, Louisville & N. R. Co. v. Sullivan Timber Co., 126 Ala. 95, 27 So. 760 and Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80; but there is an exception. "An exception to the general rule requiring appropriate objection or motion invoking corrective instruction or action by the trial court is where the remark or argument of counsel is so grossly improper and highly prejudicial to the opposing party as that neither retraction nor rebuke by the trial court would have destroyed its sinister in-

fluence." McLemore v. International Union, 264 Ala. 538, 88 So.2d 170, 174; Colquett v. Williams, 264 Ala. 214, 86 So.2d 381; Anderson v. State, 209 Ala. 36, 95 So. 171, 179.

■ That brings us to the question of whether the remark that "the statement isn't made in good faith" was so grossly improper and highly prejudicial that the substantial rights of the plaintiff were probably injuriously affected. It is our opinion that it was not, and that it does not come within the circumstances and the holding in the Drennan Case, supra. We consider the remark to be improper but not of such grossness as to require the granting of a motion for a new trial merely because it was made.

Grounds 43 and 44 are also concerned with rulings pertaining to questions about brakes. The trial court sustained an objection to a question which was not very clear, but the error, if any, is harmless because the fact sought had been established prior to this question and was also subsequently established, Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548; Griswold v. Duke, 224 Ala. 402, 140 So. 427. There was not only no ruling by the trial court on the question made the basis of ground 44, but the question was withdrawn by plaintiff leaving nothing for review.

Ground 42 is concerned with a remark made by the trial court during the cross-examination of defendant's witness Speegle, who was riding in the cab with the driver of the truck when the plaintiff was injured.

"Q. At the place you went over on the left-hand side of the road, I will ask you, Mr. Speegle, if that wasn't at a place where there was a double yellow line? A yellow line on each side of the white spotted line?

"A. There probably was. There is a curve coming down there.

"Q. Are you familiar with what the double yellow line means?

"A. Yes, sir.

"Q. It means you are not to cross over the center?

"A. Yes, sir.

"Q. But you did cross over?

"Mr. Allen: Just a minute. We object to that, Your Honor.

"The Court: Sustain. That is when another vehicle is involved. It wouldn't apply here.

"Mr. Perdue: We except to the Court's statement.

"The Court: All right, go ahead."

■ We agree with the court that crossing the double yellow line had no application in the instant case. We know that yellow lines in this state designate no passing zones under Tit. 36, § 58(7), Code 1940, as amended. But this section was not adopted for the benefit of pedestrians. The rule in Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471, and McCloud v. Williams, 257 Ala. 611, 60 So.2d 339, 341, is applicable. In the latter case it was said:

"Defendant invokes the principle that the fifteen mile limit does not benefit the plaintiff under the circumstances of this case. The rule is settled by our authorities that although it may be negligence to violate a statute or ordinance, it is not actionable unless it causes injury to one for whose benefit it was enacted. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co. [241 Ala. 327, 2 So.2d 388], supra; McCaleb v. Reed, 225 Ala. 564, 144 So. 28; City of Birmingham v. Blood, 228 Ala. 218, 153 So. 430; Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471; Jones and Son v. Lair, 245 Ala. 441(6), 17 So. 2d 577."

Appellee cites the case of Reid v. McDevitt, 163 Miss. 226, 140 So. 722. But there the question was concerned with the center of the highway. Had the question

here been limited to the center line of the highway—"the white spotted line," there would have been no occasion for the court's remark.

Moreover, the plaintiff could not possibly have been injured by the court's ruling or remark. Elsewhere Speegle's testimony shows that the truck was driven to the left of the center line of the highway. This was also what he said in plaintiff's exhibit 10, a statement the witness had signed for the plaintiff's counsel prior to the trial. The driver Laminack also testified that the vehicle was on the left side of the center line when plaintiff was hit. (It was defendant's contention that plaintiff was walking across the highway from the driver's left to his right, that defendant was in the center of the highway when the driver first saw him, that the driver "eased" the truck over to the left to pass behind plaintiff, who, after going past the center of the highway to the right, turned and jumped back into the right front of the truck.) This ground charges no error sufficient to support the motion for a new trial.

Ground 46 of the motion is concerned with the following argument by one of the attorneys for defendant:

"* * * They had the opportunity, gentlemen, to come back and say, 'Doctor, how much would you reduce that 20 percent disability by these various factors?' And they didn't think of that. He was scared to ask him.

"Mr. Perdue: I object to the statement I was scared.

"Mr. Clark: I will withdraw that statement."

Clearly, there was no prejudicial error, and no action of the trial court was even sought.

Grounds 54 and 55 arose during closing argument for plaintiff:

"They talk about they represent Mr. Ragland here. Mr. Ragland is not sued but they would try to get you to believe this judgment would be against Mr. Ragland. Mr. Ragland is not sued. I represent a man who has devoted his life since he was 19 years old to the service of his country and I have no apology for representing him. The Harvey Ragland Company, Incorporated, is who they are suing here. We are suing a corporation and not an individual. I represent a sergeant in the United States Army and I can hold my head up and be proud that I represent him. He hasn't spent all those years and months in this country.

"Mr. Clark: I object to him bringing in this man's service and what he has done for his country unless he will let Bibb Allen tell what he has done.

"The Court: I will overrule.

"Mr. Perdue: His Honor says that I have a right to argue the statement I did. I say to you, gentlemen, I am pleased to represent the sergeant today.

"The Court: Mr. Perdue, there was evidence this man had been overseas at one time. I think you have got a right to argue the evidence."

The ruling was in favor of plaintiff and no objection was made to the remark of Mr. Clark. There is nothing presented for review.

The matter in Ground 55 came several minutes later.

"* * * Would Ragland Brothers Company, a Corporation, employ a man with a 20 or 25 percent permanent total disability in his left leg? Does a company commander over this man want a platoon sergeant who can't carry his men through their drills and his duty as he is supposed to perform for his pay? No. A company commander can any day or is liable any day to tell him he can't perform his duty.

"Mr. Clark: Your Honor, we object to that as there is no evidence in here about what a company commander would do and Howard Perdue wouldn't know because he has never been in the Army.

"The Court: I will sustain.

"Mr. Perdue: We except.

"I say a company commander over him would not want a man crippled to handle his platoon. I say you gentlemen know that. No one wants a crippled man working for them where he can have a man who has got a good body that God gave him."

In each of these instances there was no objection made to the remark complained of and no action sought of the trial court. As stated in Alabama Great Southern R. Co. v. Gambrell, 262 Ala. 290, 78 So.2d 619–621:

"* * * This seems to us to be a speculation on the verdict of the jury. If there was prejudicial conduct counsel should have insisted on a mistrial and not submitted the case to the jury and then seek to set the verdict aside because of prejudicial conduct, ' "unless the argument was 'so grossly improper and highly prejudicial, that its evil influence and effect could not be eradicated from the minds of the jury by any admonition from the trial judge.' " ' National Biscuit Co. v. Wilson, 256 Ala. 241, 54 So.2d 492, 497."

See Tucker v. Tucker, 248 Ala. 602, 28 So. 2d 637. These remarks do not come within the exception and present no prejudicial error.

We think quotations from two of our recent cases are appropriate. The first is from the Gambrell case, supra.

"In considering these grounds we see no good reason to go into great detail because these grounds cover many pages of the record and constitute a running fight between counsel for the plaintiff and counsel for the defendant practically throughout the trial. * * *.

"In reviewing this case we do so with the thought that both counsel for the plaintiff and counsel for the defendant are able attorneys each doing his best to represent his client. As was said by Justice Gardner in Arant v. State, 232 Ala. 275, 167 So. 540, 544, 'We must not lose sight of the fact that a trial is a legal battle, a combat in a sense, and not a parlor social affair.' To put it a little differently it is expected that counsel will strike hard blows in behalf of his client but, of course, the blows must not be foul blows. Then, too, we must not lose sight of the fact that litigation is to determine the rights of the parties to the suit and that is the matter of paramount importance notwithstanding that we may disapprove of the method pursued in argument. Alabama Great Southern R. Co. v. Swain, 248 Ala. 535, 28 So.2d 714. Furthermore statements or argument of counsel which are provoked or produced by statements or arguments of opposing counsel can furnish no ground for complaint or corrective action. Tea Java Coffee Co. v. Saxon China Co., 207 Ala. 33, 91 So. 885; Alabama Power Co. v. Bowers, 252 Ala. 49, 39 So.2d 402."

The second is Birmingham Electric Co. v. Perkins, 249 Ala. 426, 31 So.2d 640, 643, where we said:

"Nor will the action of the trial court in regard to the alleged prejudicial remarks made by counsel for plaintiffs during his argument to the jury be disturbed unless we conclude from the entire record that substantial prejudice to the defendant has resulted therefrom. Mobile Light & R. Co. v. Gallasch, supra [210 Ala. 219, 97 So. 733]; Birmingham Electric Co. v. Mann, supra [226 Ala. 379, 147 So. 165].

We do not conclude from the entire record that substantial prejudice has resulted to the plaintiff.

It results that the judgment of the trial court granting the motion for a new trial is reversed and one is here rendered reinstating the verdict of the jury and the judgment thereon in favor of the defendant.

Reversed and rendered.

LAWSON, SIMPSON, GOODWYN and COLEMAN, JJ., concur.