# Birmingham Railway Light & Power Co. v. Wright.

*Action for Damages for Injury to Passenger.*

(Decided Nov. 28, 1907.  44 So. Rep. 1037.)

1. *Carriers; Passengers; Injuries to; Action; Allegation of Negligence.*—In an action against the carrier for injury to passenger on account of negligence it is sufficient to charge the negligence in general terms.

2. *Same.*—A complaint which alleges the existence of a relation prior to and at the time of the accident and states that, failing in its duty to carry the passenger safely, the carrier so negligently conducted its business that by reason of such negligence and as a proximate result thereof the passenger received personal injuries, etc., states a cause in simple negligence, good against demurrer.

3. *Sam.*—A complaint which ascribes the injury to the company's negligently running the car while the passenger was in the act of alighting and avers the proximate cause to be the consequential, as distinguished from intentional, result of the misconduct, states a cause of action in case, good against demurrer.

4. *Action; Trespass or Case.*—A complaint which alleges the duty of the company to carry the passenger safely, and that, failing in

[Birmingham Railway Light & Power Co. v. Wright.]

this duty and with reckless disregard for the safety of the passenger, and knowing that the probable consequence would be to inflict injury on him, willfully, wantonly or intentionally ran the car while the passenger was in the act of alighting, and as a proximate result thereof, the passenger was injured, states a cause of action in case, and not in trespass.

5. *Pleading; Construction.*—Under the rule that pleading must be construed most strongly against the pleader the court is not authorized, by transposition, to reconstruct pleading so as to render that certain which the pleader has made uncertain.

6. *Carriers; Injuries to Passengers; Pleadings.*—A complaint which alleges that it was the duty of the company to carry plaintiff safely, and "that, failing in this duty, and with a reckless disregard for the safety of plaintiff, and knowing that the probable consequences thereof would be to inflict injury on plaintiff," the employes in charge of the car, acting within the scope of their duties, willfully, wantonly or intentionally ran the car while the plaintiff was in the act of alighting, so that he was injured, etc., charges simple negligence only and is good against demurrer raising the question of a joinder of corporate negligence with that of the employes.

7. *Same; Complaint; Pleas; Contributory Negligence.*—Where a count charges simple negligence and the pleas thereto set up contributory negligence, it is error to sustain demurrer to such pleas on the grounds that they are not answers to a count for willfulness or wantonness.

8. *Damages; Personal Injury; Measure; Elements of.*—The measure of damages for a permanent personal injury is just and reasonable compensation for the disabling effects of the injury, past and future; and the legitimate factors entering into the estimate of the danger are, loss of time, incapacity to do as profitable labor as before the injury, and the mental and physical suffering caused by it.

9. *Same; Evidence; Mortality Tables; Admissibility.*—Mortality tables are admissible as bearing on the inquiry of life expectancy to aid in ascertaining the duration of and consequent loss in impaired earning capacity where the injury is permanent in its nature.

10. *Same.*—Unless the injury results fatally the person injured cannot be allowed the value of his life.

11. *Trial; Instructions; Undue Prominence to Particular Facts.*—A charge which predicates a denial of plaintiff's right to recover on the jury not being satisfied that the car stopped more than once on the occasion, is objectionable as singling out a particular fact in the case and forbidding a recovery on the belief of a particular fact, whereas, the issues were broader, and the carrier might have been liable on other facts.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. Ferguson.

[Birmingham Railway Light & Power Co. v. Wright.]

Action by E. A. Wright against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint is in the following language: "(1) Plaintiff claims of the defendant the sum of $2,500 as damages, for that defendant, on, towit, the 12th day of October, 1903, was engaged in operating a street railroad in the city of Birmingham, Jefferson county, Ala.; that at said time plaintiff became a passenger on one of defendant's cars running along First avenue to Twenty-Third street, thence along Twenty-Third street across Fourth avenue north, and thence on through said city in the direction of North Birmingham; that plaintiff became a passenger on said car at said time on First avenue to go to his home near the corner of Fourth avenue and Twenty-third street North in said city; that it was the duty of said defendant then and there to carry plaintiff safely; that, failing in this duty, the defendant then and there so negligently conducted its said business that by reason of such negligence plaintiff received as a proximate result thereof personal injuries as follows: [Here follows the list of the personal injuries received, which are alleged to be permanent in their nature.] (2) Plaintiff adopts the averments of the first count, from the beginning thereof down to and including the word, 'safely,' and adds the following: That, failing in this duty and with a reckless disregard for the safety of the plaintiff, and knowing that the probable consequence thereof would be to inflict injury on the plaintiff, the employe or employes in charge of said car at said time and place, acting within the scope of his or their duty or duties as such employe or employes of such defendant, willfully,

wantonly, or intentionally moved or ran said car, while. plaintiff, an old man, was in the act of getting off said said, so that as a proximate result thereof plaintiff was violently thrown on the ground and received personal injuries as follows: [Here follows a description of the injuries received, which are alleged to be permanent.]" (3) Same as first count down to and including the word "safely," and adds the following: "That, failing in this duty, defendant then and there negligently moved or ran said car, while plaintiff, an old man, was in the act of getting off said car, so that as a proximate result thereof plaintiff was violently thrown to the ground and received personal injuries as follows: [same as in other counts.]"

Demurrers were interposed to the first count, in that its allegations are insufficient, vague, uncertain, and indefinite, and do not present a cause of action against the defendant. The allegations of negligence are but the allegations of a conclusion, and the facts set out are not sufficient to enable the defendant to know what it has to defend against. It is not averred where plaintiff received his injuries, nor that he received them while occupying his relation of passenger. These grounds were assigned to the second count, and the additional ones that it is not averred in said complaint that defendant willfully, wantonly, or intentionally inflicted injury upon the plaintiff. While attempting to charge defendant with willful, wanton, or intentional infliction of injury, the facts alleged do not constitute that degree of misconduct on the part of the defendant. The same grounds of demurrer were interposed to the third count as to the first, with the additional grounds that it is not charged in said count that the defendant's car was moved or run

[Birmingham Railway Light & Power Co. v. Wright.]

while the plaintiff was in the act of alighting from said car when the said car was moved. These demurrers having been overruled, the defendant pleaded the general issue and three special pleas of contributory negligence; (1) In negligently alighting or attempting to alight or disembark from said car of defendant while the said car was in motion. (2) In negligently attempting to alight without first ascertaining whether or not the car had stopped. (3) In the negligent manner in which he alighted or attempted to alight. Demurrers were overruled to these pleas, so far as the first and third counts are concerned, but sustained to the pleas as an answer to the second count. The defendant filed additional demurrers to the second count, raising the question of a joinder of corporate negligence with the negligence of an employe.

The other facts sufficiently appear in the opinion of the court.

TILLMAN, GRUBB, BRADLEY & MORRO, for appellant. The court erred in overruling demurrers to the 2d count as amended.—*Bir. Ry. L. & P. Co. v. Glover*, 38 South. *Mitchell v. L. & N. R. R. Co.*, 134 Ala. 255. The court erred in overruling demurrers to the 3rd count.—*Bir. Ry. L. & P. Co. v. Glover*, *supra*. The 2nd plea was a good plea to the 2nd count as amended.—*Bir. Ry. L. & P. Co. v. Glover*, *supra*. Counsel discuss assignments of error relative to the admission of testimony but cite no authority. The court erred in its oral charge.—Parag. B.; *McAdory's Case*, 94 Ala.; *Trammell's Case*, 93 Ala. Counsel discuss refused charges but cite no authorities to sustain their contention. The verdict was contrary to the weight of the evidence.—*Bir. Ry. L. & P. Co. v. Owens*, 135 Ala. 154. The court erred in sustaining

plaintiff's general objection to questions propounded to witness Conkell.—*Cent. of Ga. Ry. Co. v. Edmundson,* 33 South. 480.

TOMLINSON & McCULLOUGH, and FRANK S. WHITE & SONS, for appellee. An employe in charge of a street car must see and know that no passenger in the act of alighting is in an exposed position when increased motion is imparted to the car.—*Sweatt v. Bir. Ry. L. & P. Co.,* 136 Ala. 169; *Mont. So. Ry. Co. v. Mason,* 113 Ala. 524. The verdict did not show on its face that it was a quotient verdict, and the affidavit of jurors may be admitted to uphold it.—*Bir. Ry. L. & P. Co. v. Clemmons,* 37 South. 925; *Eufaula v. Speight,* 121 Ala. 613. It is not negligence per se to get on or off a moving train, but is a question for the jury.—*Watkins v. Bir. R. & E. Co.,* 120 Ala. 152.

McCLELLAN, J.—The practice of charging negligence, in cases of this character, in very general terms, has been too long sanctioned and approved by this court to now admit of consideration with a view to a change. It is settled. The complaint contains three counts, and their common averments state a relation of carrier and passenger just before and at the time of the injury complained of. With the exception of the second count, to which we will refer, simple negligence only is charged; and under the practice above restated we must hold the first and third counts to state causes of action in case, and not subject to the demurrers interposed. The third count ascribes the injury to the defendant's negligently moving or running said car while plaintiff was in the act of alighting, and, therefore, avers the proximate cause to be the consequential, as distinguished from the

intentional, result of the misconduct charged.—*City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389.

The second count, in the respect here important, before amendment was thus written: "That it was the duty of said defendant then and there to carry plaintiff safely; that, failing in this duty, and with a reckless disregard for the safety of plaintiff, and knowing that the probable consequences thereof would be to inflict injury on plaintiff, willfully, wantonly, or intentionally moved or ran said car while plaintiff * * * was in the act of getting off said car, so that, as a proximate result thereof," plaintiff was injured. We do not think this count is in trespass, but that it is in case. The wanton or willful act charged was the moving or running of the car by the defendant. From that act, because of plaintiff's described situation, injury resulted, not immediately, or directly, but as a consequence.—*City Delivery Co. v. Henry, supra.* The amendment made gave the count this language: "That it was the duty of said defendant to carry plaintiff safely; that, failing in this duty, and with a reckless disregard for the safety of plaintiff, and knowing that the probable consequences thereof would be to inflict injury on plaintiff, the employe or employes in charge of said car at said time and place, acting within the scope of his or their duty or duties as such employe or employes of such defendant, willfully, wantonly, or intentionally moved or ran said car while plaintiff was in the act of getting off said car, so that" he was injured. The demurrer takes the objections that the amended count is for simple negligence of the employe or employes. Construing, as we must, the count most strongly against the pleader, the averment of duty in the first quoted sentence is the duty the failure to perform which is immediately thereafter

averred. The word "this" can refer to no other duty than that of the defendant.

But the main inquiry, controverted between counsel, is whether the conjoined descriptive sentences, beginning with the words "with a reckless disregard" and ending with the word "plaintiff," refer to the defendant's breach of duty or to the latterly asserted misconduct of the employe? If these sentences refer to the employe or employes, the count would be a good one for a willful or wanton injury by him or them; but, if to the defendant, the count would then charge simple negligence of the employe, who is not averred to have so operated the car with knowledge essential to impute the more aggravated misconduct. It is obvious that, regardless of the rule of construction of pleaing, it is extremely uncertain to which substantive averment, viz., of the duty breached or of the character of the employe's wrong, the descriptive sentences relate. If the sentences were transposed to a position following the word "employes," there would be no doubt that to their misconduct reference was had. But we are not authorized to reconstruct pleadings in any degree, must less to render, by transposition, that certain which the pleader has made uncertain. We can see no escape from the construction that the conjoined sentences qualify and refer to the manner and circumstances under which the defendant, as distinguished from the employe, failed to perform the duty averred to have lain on it. So it results that the count does not legally aver the willful or wanton misconduct of the employe, and, therefore, only charges simple negligence; and the demurrer was properly overruled. The amendment had the effect to impute the wrongful act to the employe; hence the grounds for misjoinder were not well taken. On the other hand,

the plaintiff's demurrers to pleas setting up contributory negligence as an answer to the second count should not have been sustained upon the ground that they were interposed to a count for willfulness or wantonness; that count as amended being for simple negligence. Whether the pleas of contributory negligence are otherwise invulnerable we are not called upon to decide. See *Hunter v. L. & N. R. R. Co.,* 150 Ala. 594, 43 South. 802, 9 L. R. A. (N. S.) 848.

The measure of damages, where the personal injury wrongfully suffered is shown to be permanent, is "compensation for the disabling effects of the injury; past and prospective. In estimating the damages, the loss of time and the incapacity to do as profitable labor as before the injury, as well as the mental and physical suffering caused by it, are pertinent and legitimate factors."—*M. & O. R. R. v. George,* 94 Ala. 199, 10 South. 145. As affording data from which the jury may ascertain the future duration of and the consequent loss in impaired earning capacity entailed by the injury, we think the mortality table may be introduced in evidence as bearing upon the inquiry of the life expectancy of the plaintiff.—20 Am. & Eng. Ency. Law (2d Ed.) 883, and authorities in note 2. But the rule for the ascertainment of damages declared in the *Trammell* and *McAdory Cases,* 93 Ala. 450, 9 South. 587, and 94 Ala. 272, 10 South. 507, respectively, is inapplicable, except in cases of death; and possibly others though that is not necessary to be decided. From what is written in the cases referred to and those of *L. & N. R. R. v. Orr,* 91 Ala. 548, 8 South. 360, and *James v. R. & D. R. R.,* 92 Ala. 231, 9 South. 335, it is obvious that no other opinion than that we have stated, can be entertained. The rule owes its existence to an effort to arrive at the value of

the life for the benefit of dependent next of kin and distributees of the estate of the deceased. Where the injury does not result fatally, the plaintiff will be the beneficiary of the damages recovered, and to allow him the value of his life, which he yet has, is, of course, absurd.

There were many special charges requested by the defendant predicating the denial of the right of the plaintiff to recover unless the jury were reasonably satisfied that the car in question stopped more than once on this occasion. These were correctly refused, for the reasons that they were in reality singling out and placing stress upon a particular fact in the cause; that they forbade a recovery upon the belief of a certain fact, notwithstanding the jury might have, under the pleaings, found the defendant liable, and at the same time have shared defendant's view of the asserted fact; that they sought to turn the result in the cause upon a single fact, whereas the issues were, of course, broader.

There is no occasion to consider other errors assigned.

The judgment is reversed, and the cause remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.

*Action for Damages for Injury to Passenger.*

