(112 So. 442)

### SMITH v. CLEMMONS. (8 Div. 946.)

Supreme Court of Alabama. April 7, 1927.

**1. Highways ⟨⟨=184(1)—Allegation held to sufficiently apprise automobile driver that injury to animal occurred on public "road."**

Allegation that on certain date, on Bridge road, defendant, automobile driver, ran into plaintiff's mare *held* to sufficiently apprise defendant that injury occurred on public road; "road" meaning place where one may ride, drive, or walk, and generally meaning highway.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Road.]

**2. Highways ⟨⟨=172(1)—Motorist was under prima facie duty not to injure animal either on public or private road.**

Motorist was under duty, prima facie at least, not to run over or into plaintiff's mare either on public or private road.

**3. Highways ⟨⟨=184(1)—Allegation held to sufficiently name place of injury to animal by automobile.**

Allegation that injury to plaintiff's mare from defendant's automobile was done in Bridge road, in Lauderdale county, Ala., *held* sufficient to acquaint defendant with place in which he was alleged to have committed wrong complained of.

**4. Highways ⟨⟨=184(3)—Whether road used as detour, on which animal was injured by automobile, was public road held for jury.**

In action for damages for injuries to plaintiff's mare, when struck by defendant's automobile, whether road on which mare was injured, which was used as detour from Jackson highway, was road at time in common use so as to be public road *held* for jury.

**5. Highways ⟨⟨=184(3)—Question of "recklessness" of motorist injuring animal on road held for jury.**

In action for damages for injuries to plaintiff's mare by defendant's automobile, question of "recklessness," meaning extreme form of negligence, of motorist, in driving rapidly without lights, and whether such recklessness involved disregard of traffic on and use of road, *held* for jury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reckless —Recklessly—Recklessness.]

**6. Highways ⟨⟨=177—Speed of automobile need not be in excess of statutory permit to constitute "recklessness."**

It is not necessary, to constitute "recklessness," that speed of automobile should be in excess of statutory permit.

**7. Highways ⟨⟨=184(5)—Punitive damages are recoverable for reckless and wanton injury to animal by automobile.**

In action for damages for injuries to plaintiff's mare caused by defendant's automobile, instruction that if jury believed evidence they could not find punitive damages for plaintiff *held* properly refused, since punitive damages were recoverable if defendant's conduct was reckless and wanton.

**8. Trial ⟨⟨=133(6)—Plaintiff's attorney's argument that motorist drove like insane man held not reversible error, where court excluded argument.**

In action for damages for injuries to plaintiff's mare by defendant's automobile, that plaintiff's counsel's statement in argument that defendant drove like insane man *held* not reversible error, where court, on defendant's motion, excluded this and another argument of no particular moment from jury.

**9. Witnesses ⟨⟨=372(2)—Excluding answer to question whether witness was prosecuting defendant on criminal side of court on account of same injury held not error, where defendant did not inquire as to state of witness' feeling against him.**

In action for damages for injuries to plaintiff's mare caused by defendant's automobile, refusal to permit defendant to ask witness whether, at time of trial, he was prosecuting defendant on criminal side of court on account of same occurrence *held* not error, since proper practice required that defendant should first have inquired as to state of witness' feeling toward him.

**10. Damages ⟨⟨=174(2)—Plaintiff's question as to what mare injured would bring after she was hit by defendant's automobile held permissible in connection with other evidence to establish measure of damage.**

In action for damages for injuries to plaintiff's mare caused by defendant's automobile, plaintiff's question to witness as to what mare would bring after she was hit *held* permissible, in connection with evidence as to her value before injury, as going to establish measure of plaintiff's damage.

**11. Costs ⟨⟨=112(3)—Refusing to dismiss suit for want of security for costs of nonresident plaintiff, after evidence had closed, held not error (Code 1923, § 7249).**

Where defendant learned, during course of trial, that plaintiff lived in another state, court's refusal to dismiss suit for want of security for costs, as provided by Code 1923, § 7249, after evidence had closed, *held* not error.

---

Appeal from Circuit Court, Lauderdale County; Norman Gunn, Special Judge.

Action by Ben Clemmons against Ed Smith. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Count 1 is as follows:

"Plaintiff claims of the defendant the sum of $500 damages in this; that on, to wit, the 16th day of November, 1924, on the Bridge road, in Lauderdale county, Ala., the defendant negligently ran over, against, or into a mare of the plaintiff, crippling and injuring said mare, and rendering said mare, which was the property of the plaintiff, worthless, and depriving the plaintiff of the use of said mare to this date, all of said injuries being the proximate result of the negligence of the said defendant, to the damage of the plaintiff in the aforesaid sum for which he sues."

Charge 9, refused to defendant, is as follows:

"I charge you, if you believe the evidence, you cannot find punitive damages for plaintiff."

Bradshaw & Barnett, of Florence, for appellant.

In an action to recover damages resulting from negligence, it is incumbent upon the plaintiff to show that the defendant owed him a duty, that there was a breach of such duty, and that as a proximate consequence plaintiff suffered the injury complained of. Stewart v. Smith, 16 Ala. App. 461, 78 So. 724. Where there is an entire lack of proof as to any material averment of the complaint necessary to a recovery, the plaintiff is entitled to the affirmative charge on request. Southern R. Co. v. Lee, 167 Ala. 268, 52 So. 648; B. R. & E. Co. v. Baylor, 101 Ala. 488, 13 So. 793. In order that exemplary damages may be recovered, the evidence must show the tort was committed wantonly or willfully or with circumstances of aggravation. Birmingham W. W. Co. v. Brooks, 16 Ala. App. 209, 76 So. 515. Argument of counsel wholly unsupported by the evidence is prejudicial. Bugg v. Mitchell, 20 Ala. App. 555, 103 So. 713. Where objectionable argument is excluded by appropriate instruction, if grossly improper and prejudicial and whose influence cannot be eradicated from the minds of the jury, reversible error can be predicated thereon. Standridge v. Martin, 203 Ala. 486, 84 So. 266; Thomas v. State, 18 Ala. App. 268, 90 So. 878; Metropolitan L. I. Co. v. Carter, 212 Ala. 212, 102 So. 130. On cross-examination, any fact may be elicited which tends to show bias or ill will. Gann v. State, 21 Ala. App. 347, 108 So. 269; Byrd v. State, 17 Ala. App. 301, 84 So. 777; Grayson v. State, 162 Ala. 83, 50 So. 349. Suits commenced by nonresidents of this state must be dismissed on motion, if security for cost be not given. Code 1923, § 7249; Par-

ker v. White, 21 Ala. App. 20, 104 So. 844. Where sufficient excuse is shown for failure to make motion to require security within the proper time, the motion should be granted when made. 15 C. J. 206; Mills v. Nassau Bank, 123 App. Div. 514, 108 N. Y. S. 559. Defendant was entitled, on cross-examination, to test the knowledge of the witness as to market value. Buist v. Guice, 105 Ala. 518, 16 So. 915. It was not proper to ask the witness what the horse would bring after it was hit. Lightman v. Epstein, 164 Ala. 660, 51 So. 164.

Simpson & Simpson, of Florence, for appellee.

Negligence may be alleged in general terms. Amer. Bolt Co. v. Fennell, 158 Ala. 484, 48 So. 97. Travelers on a public road owe a duty to other travelers thereon to conduct themselves reasonably to avoid injury to others. Dozier v. Woods, 190 Ala. 279, 67 So. 283. Where the undisputed evidence establishes that judgment for plaintiff was proper, error in rulings by the trial court was harmless. Wilson v. Draper, 9 Ala. App. 585, 63 So. 779; Mulder v. Stokes, 184 Ala. 195, 63 So. 563; Shannon v. Lee, 178 Ala. 463, 60 So. 99; Black v. Smith L. Co., 179 Ala. 397, 60 So. 154.

SAYRE, J. [1, 2] Demurrer to count 1 of appellee's complaint, taking the point that it failed to sufficiently apprise defendant of the place where the wrong and injury complained of occurred; that is failed to allege that it occurred in a public road, was overruled without error. More specifically, as the argument goes, the point is that the count failed to show that at the place of the occurrence in question defendant was under duty not to run over, against, or into plaintiff's mare, because the "Bridge road," for aught appearing may not have been a public road or highway. A road is a place where one may ride, drive, or walk, and we generally mean a highway when we say road. Webster's New Internat. Dict. sub. "road." But, aside from that, defendant was under duty, prima facie at least, not to run over, against, or into plaintiff's mare, whether on a public or private road. The general allegation that the thing was done negligently was enough. This disposes of the question of duty. Nothing said in Stewart v. Smith, 16 Ala. App. 461, 78 So. 724, suffices to change our view as to this.

[3] Nor were counts 1 or 2 otherwise defective in the matter of acquainting defendant with the place in which he was alleged to have committed the wrong complained of. The allegation of both counts is that the wrong was done in the "Bridge road, in Lauderdale county, Ala." That was enough. Some cases involving charges of negligence against railroads in running over animals may require more definite allegations of place.

But that grew out of the statute (section 1711 of the Code of 1876). That section was significantly changed in later Codes by the omission of language which had been construed to mean that "the place should be averred to be at a certain locality along the line of the road, describing its distance and direction from a named depot, or other known point." But that change in the statute law seems not to have made much impression on the court, so that greater particularity in the allegations of place is probably still required in suits against railroads than in cases of this character. This subject is considered more at length in Bugg v. Green, 215 Ala. 343, 110 So. 718. We find no error at this point.

[4] Substantially the same argument is repeated on those assignments which charge error in the refusal of the general charge requested by defendant as to each count separately. There was no evidence directed expressly to the point that the "Bridge road" was a public road, by which appellant means, as we suppose, a road maintained at the public expense, or perhaps, a road which the public were entitled to travel without let or hindrance, but the evidence showed that the accident in which plaintiff's mare was injured occurred on the "Bridge road," in Lauderdale county, a road which all the parties were using at the time as a detour from the "Jackson highway" and from this evidence it was open to the jury to infer that it was a road at the time in common use and so a public road as alleged in some of the counts of the complaint.

[5, 6] Appellant complains that there was no proof that defendant drove his automobile recklessly, without having regard for the use and traffic of the highway, as some of the counts charge. The evidence tended to show —in fact, it was not denied—that defendant in the nighttime, without lights on his car, drove it so rapidly as to be unable to avoid running into plaintiff's team—standing then on the extreme proper edge of the road—after discovering plaintiff's situation, if, indeed, he ever discovered it until in actual contact with it, and this notwithstanding plaintiff's efforts to warn defendant of the danger by loud calls. This made the issue of recklessness— meaning merely an extreme form of negligence—and the question whether such recklessness involved disregard of the traffic on and use of the road matters for determination by the jury to which the court left them. Defendant's driving may have been reckless, that is, very negligent—under the circumstances—though in other circumstances it might have been prudent enough so far as mere speed is concerned. It was not necessary to constitute recklessness that the speed should have been in excess of the statutory permit. So, likewise, it may have been reckless, though less than the statutory prescription.

[7] Count 2 charged that defendant's conduct was reckless and wanton. Under the evidence as we have stated it, this was a question for the jury. Written charge 9, requested by defendant, was properly refused. Punitive damages were recoverable if defendant's conduct was reckless and wanton, but, on the facts, it appears with reasonable certainty that plaintiff got a verdict for compensation only.

[8] There can be found no sufficient reason for a reversal in the matter of plaintiff's argument to the jury. Perhaps some of it was stated in an exaggerated form—as when counsel said that defendant drove like an insane man. No doubt, counsel meant only that defendant's driving in the circumstances evidenced an extreme indifference to the safety of others on the road such as no reasonable man would be guilty of, but, whether so or not, the matter of opinion at issue between the parties was one for settlement by the jury; it did not call for settlement by the court's exclusion of remarks by plaintiff's counsel. Moreover, the court on defendant's motion excluded this and another argument of no particular moment (Jones v. Colvard [Ala. Sup.] 109 So. 877[1]) from the jury, and this, in any event, left defendant without complaint sufficient to induce a reversal of the judgment.

[9] The witness Robert Clemmons had plaintiff's team in charge at the time of the accident. We think there was no error in the court's refusal to permit defendant to ask the witness whether at the time of the trial he was prosecuting defendant on the criminal side of the court on account of the same occurrence. If it may be inferred that the prosecution in such a case is the result of interest, bias, or ill will, as appellant suggests, still proper practice required that defendant should first have inquired as to the state of the witness' feeling toward him (defendant). An admission of unfriendly feeling would have obviated the necessity or propriety of further inquiry along the line of the collateral inquiry thus sought to be put on foot.

So defendant should first have asked for the opinion of the witness Robert Clemmons as to the value of the horse he swapped for the mare injured in the accident under inquiry, and then, if his answer was unsatisfactory, he might have cross-examined him by asking what he paid for the animal he had parted with on the swap. This, like the ruling just above noticed, results from the necessity of expediting the administration of justice by the reasonable avoidance of unnecessary issues.

[10] Plaintiff's question to the witness White, as to what the mare would bring after she was hit, was merely another way of eliciting his competent opinion as to the value of the mare after her injury and was permis-

[1] 215 Ala. 216.

sible, in connection with the evidence as to her value before the injury, as going to establish the measure of plaintiff's damage.

[11] In the course of the trial it developed that plaintiff lived in Tennessee, and thereafter, after the evidence had closed, defendant, assuring the court that he had not previously known that plaintiff lived in Tennessee, moved the court to dismiss the suit for want of security for costs, as provided by section 7249 of the Code. On the authority of Brown v. Bamberger, 110 Ala. 342, 20 So. 114, we hold that there was no error in the court's refusal at that time to grant the motion.

The motion for a new trial raised no new questions.

Judgment affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

