32 So.2d 515

### BIRMINGHAM ELECTRIC CO. v. LATHAM.

6 Div. 507.

Supreme Court of Alabama.

Oct. 30, 1947.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

Clifford Emond, of Birmingham, for appellee.

BROWN, Justice.

This is an action on the case by the appellee, a passenger, against the Birmingham Electric Company, a carrier of passengers, to recover damages for personal injuries suffered as a proximate consequence of the negligence of the defendant's agent or servant abandoning the car on which the plaintiff and others were passengers, leaving no person in charge, in consequence of which the street car ran wild down a grade colliding with an automobile and eventually leaving the track.

The single count on which the case was tried catalogues plaintiff's damages as follows: "Her back, arms, sides, limbs, head and other parts of her body were bruised, contused, sprained, strained and injured. Plaintiff was internally injured and was made sick and sore and ill for a long period of time. Plaintiff was caused to suffer great physical pain and mental anguish. Her nervous system was greatly shocked and impaired and plaintiff was put to much expense in and about her efforts to heal and cure her said wounds and injuries and was caused to lose time from her employment and to sustain loss of earnings thereby. * * *." The trial resulted in a judgment for plaintiff assessing her damages at $2,500 from which the defendant has appealed.

The only points raised on this appeal relate to the amount of verdict, the argument of plaintiff's attorney to the jury, and the refusal of Charge 19, requested by the defendant, dealing with the question of damages.

The evidence goes to show that the operator of the street car in which plaintiff and others were passengers stopped the car on a down-grade and abandoned it without any other person in charge or control of its operation. After such abandonment, the car rolled down a long grade increasing in momentum until it ran off the end of the tracks and crossed over the tracks on First Avenue, coming into contact with a parked automobile near the street curbing. The street car gained such momentum as it passed around a curve that it threw plaintiff over the head of some other passengers and she fell upon the floor, inflicting upon her personal injuries. She was eventually thrown or fell from the car onto the ground or pavement and was picked up, rolled in a blanket and carried to the hospital, where she was treated by the defendant's physician. Plaintiff testified: "I stood up to hold it was going so fast, and when it struck something, I don't know what, it just slammed me back—against the car—and then I fell, and that is the last I knew until I was on the ground and they were taking me up. I was knocked unconscious."

The evidence further tends to show that more than a year after the injuries, the plaintiff was still suffering from her hurt. Dr. Young, who treated plaintiff after her injuries at her home, testified: "She had been through a very harrowing experience. She was mentally and emotionally wrought up; her nerves were shot; she was in a bad state and in bed." He further testified that "as a rule the nerve condition will improve, but it might last indefinitely." Dr.

Young further testified that if the plaintiff had been knocked unconscious, as the evidence shows that she was, it indicated she had suffered a concussion of the brain and such jarring will produce headaches for an indefinite length of time. With reference to the sprains to plaintiff's back and knee he testified that "you could not tell whether they would be permanent or not or how long they would last" but such sprains "sure could produce considerable pain for some time; it is possible that a year later you would still have from time to time some discomfort and the same thing applies to the back."

The evidence further goes to show that the plaintiff was not sufficiently recovered at the time of the trial to resume her usual occupation but was dependent upon her children for support.

In short, the evidence tended to support all the elements of the damages catalogued in the complaint except the element of "expenses in and about her effort to heal and cure her said wounds and injuries". As to this element of damages, the court, at the instance of defendant, charged the jury that she could not recover.

■ The circuit court before whom the witnesses testified, after due consideration, overruled the motion for a new trial and we are not able to affirm that the court should have granted the motion on the ground that the damages were excessive.

We are further of opinion that the ruling and instructions of the trial court were sufficient to remove any hurtful consequences from argument of plaintiff's attorney. The court not only sustained the objection to the argument but instructed the jury not to consider the same and excluded it from consideration of the jury. The court in the oral charge and at the instance of the defendant limited the amount of recovery to compensatory damages for the injuries "the evidence reasonably satisfies you she sustained as a proximate result of the accident."

■ Charge 19 deals with this phase of the case but embodied the further instruction that "nothing can be added thereto to compensate the plaintiff for the costs of suit or attorney's fees." This charge was properly refused because it injected into the case an issue not litigated between the parties and so far as appears not referred to in the evidence or in argument. This charge was refused without error.

We find no reversible error.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.