**GUEST HOUSE MOTOR INN, INC.,**
Appellant,

v.

**Mrs. Christine W. DUKE and John W.**
**Duke, Appellees.**

No. 24256.

United States Court of Appeals
Fifth Circuit.

Nov. 15, 1967.

Joe R. Wallace, Davies, Williams & Wallace, Birmingham, Ala., for appellant.

Edward L. Hardin, Jr., Francis Hare, Jr., Hare, Wynn, Newell & Newton, Birmingham, Ala., for appellees.

Before RIVES, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is a slip and fall case in which the appellant complains that the district court erred in refusing appellant's request for an affirmative charge, with hypothesis, made pursuant to the practice in the state courts. Such a charge is substantially equivalent to a motion for a directed verdict under Rule 50, Federal Rules of Civil Procedure. City of Albertville, Ala. v. United States Fidelity and Guaranty Co., 5 Cir. 1960, 272 F.2d 594, 601, 84 A.L.R.2d 1. No specific grounds were stated in support of the charge, as required by Rule 50, Federal Rules of Civil Procedure and it was therefore properly refused. Moreover, when as here there was evidence which, if believed by the jury would authorize a verdict against the moving party, a directed verdict is not proper. Herron v. Maryland Cas. Co., 5 Cir. 1965, 347 F.2d 357.

The appellant's contentions that the district court should not have given certain charges and failed to give other charges are unavailing because appellant failed either to object to the giving or failing to give the charges or to state distinctly the grounds relied upon for its objections. Rule 51, Federal Rules of Civil Procedure; Pruett v. Marshall, 5 Cir. 1960, 283 F.2d 436, 440–441.

Finally, the record clearly shows that the mention of liability insurance by the Dukes' counsel was provoked by a question of the Motor Inn's counsel about Mrs. Duke's insurance. Motor Inn cannot therefore complain. Alabama Great S.R.R. v. Gambrell, 1955, 262 Ala. 290, 78 So.2d 619. Futhermore the district court made clear that such a collateral inquiry had no place in the case.

The judgment is affirmed.