257 So.2d 328

**Mrs. Sue LINGO et al., and American Mutual Liability Insurance Co.**

**v.**

**YOUNG & VANN SUPPLY CO., a Corp., and Boston & Lockport Block Co., Inc., a Corp.**

**6 Div. 665.**

Supreme Court of Alabama.

Aug. 12, 1971.

Rehearing Denied Feb. 10, 1972.

George S. Brown, Birmingham, for appellants.

Lange, Simpson, Robinson & Somerville, and Reid B. Barnes, Birmingham, for Young & Vann Supply Co.

Dunn, Porterfield, McDowell & Scholl, Birmingham, for Boston & Lockport Block Co., Inc.

SIMPSON, Justice.

This case was brought by the widow and dependent children of Walton Edsol Lingo, deceased, under § 312, Tit. 26, Code of Ala. (1958) for the wrongful death of Walton Edsol Lingo.

The complaint as last amended charges defendants Boston & Lockport Block Co., Inc. and Young & Vann Supply Co. with negligence resulting in the death of plaintiffs' decedent in the following language:

"Plaintiffs further aver that the death of plaintiffs' deceased husband and father respectively, on the aforesaid date and occasion was as the proximate result of the negligence of the defendant, Boston & Lockport Block Co., Inc. in negligently manufacturing the said mortise wood blocks and tackle with an inherently or imminently dangerous and defective steel hook or in negligently failing to warn of the low load capacity of said steel hook on said blocks and tackle combined and concurred with the negligence of Young & Vann Supply Co., Inc., in negligently failing to warn of the low load capacity of said blocks and tackle with said hook attachment and in negligently failing to warn of the inherently or imminently dangerous and defective design of said blocks and tackle and steel hook attachment which the said defendant knew or in the exercise of reason-

able diligence should have known and as a proximate consequence of the said combined and concurring negligence of the defendants aforesaid plaintiffs deceased husband and father respectively, suffered injuries from which he died January 11, 1966."

American Mutual Liability Insurance Co., the deceased's employer's workmen's compensation insurer, intervened.

The defendants filed pleas in short by consent. The case was tried for five days to a jury, which returned a verdict in favor of the defendants.

The appellants filed a motion for a new trial which was overruled. This appeal followed.

The record in this case runs to almost 800 pages. The brief filed by appellant contains 290 pages. There are 55 assignments of error; however, the appellant argues only 4. The first two assignments argued are numbered 27 and 55, which involve a statement made by the attorney for Boston & Lockport in argument to the jury. The argument and objections made and the comment of the court with respect thereto are as follows:

"* * * they've been manufacturing these blocks since Eighteen Hundred and Eighty-four, and they take pride in their work and think they have a fine product, and they've been manufacturing them the same way and no Jury has ever told them before that they would have to put—

"MR. ELLIOTT: We object to any such argument. No evidence of such as that, may it please the Court, what some other Jury might have done.

"MR. PORTERFIELD: I've got a right to make such comments.

"THE COURT: Go ahead and make them. Overruled.

* * * * * *

"MR. ELLIOTT: Did I understand you to permit him to say what other jurys [sic] have done?

"THE COURT: I'll take care of that."

The attorney for the appellee never finished the sentence he was making after the objection was interposed, but went on to other matters. Appellant's attorney said in closing argument:

"If they've been making these same blocks for—since 1884 and they haven't had any changes in them, and they haven't had any jury verdict in them, it's about time somebody brought in a big verdict to make them do something to save people's lives and quit endangering their lives."

The appellant argues that the statement commenced by the attorney for Boston & Lockport Block Co. in closing argument was so highly prejudicial that the trial court should be reversed for having failed to grant a new trial based upon this ground. We cannot agree. In the first place, the trial court emphatically instructed the jury that argument of counsel was not to be considered as evidence in the case. In the second, there is no indication of what counsel might have said had he completed the sentence he started. Appellant's counsel himself countered what he assumed the statement would have been in his own argument. In Ala. Great So. RR. Co. v. Gambrell, 262 Ala. 290, 78 So.2d 619, the late Justice Stakely said:

"* * * it is expected that counsel will strike hard blows in behalf of his client but, of course, the blows must not be foul blows.

* * * * * *

"There are other considerations which should be kept in mind in deciding the action to be taken by us. In every instance where prejudicial conduct was claimed, the court took repressive action and expressly instructed the jury not to consider the words or attitude of counsel. Often we have held that such action on the part of the court removes the harm. Smith v. Clemmons, 216 Ala. 52, 112 So. 442; Birmingham Amusement

Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840; Birmingham Electric Co. v. Latham, 249 Ala. 592, 32 So.2d 515; Alabama Great Southern R. Co. v. Swain, supra [248 Ala. 535, 28 So.2d 714]. At a number of points in the course of the trial counsel for the plaintiff stated that undoubtedly a motion for a mistrial would lie but that he would not make the motion. In fact at no stage in the trial or before the case was submitted to the jury was there any motion for a mistrial. This seems to us to be a speculation on the verdict of the jury. If there was prejudicial conduct counsel should have insisted on a mistrial and not submitted the case to the jury and then seek to set the verdict aside because of prejudicial conduct, ' "unless the argument was 'so grossly improper and highly prejudicial, that its evil influence and effect could not be eradicated from the minds of the jury by any admonition from the trial judge.' " ' National Biscuit Co. v. Wilson, 256 Ala. 241, 54 So.2d 492, 497."

█ We fail to find that the partial statement complained of was so grossly improper and highly prejudicial that its effect (if any it had) could not be eradicated from the minds of the jury. All of our cases recognize that jury verdicts should not be set aside on the grounds complained of unless the conduct of counsel reaches the degree where it can be called grossly improper and highly prejudicial. In Birmingham Electric Co. v. Perkins, 249 Ala. 426, 31 So.2d 640, this court held:

"Nor will the action of the trial court in regard to the alleged prejudicial remarks made by counsel * * * during his argument to the jury be disturbed unless we conclude from the entire record that substantial prejudice * * * has resulted therefrom."

We do not find that prejudice here. See also Birmingham News Co. v. Payne, 230 Ala. 524, 162 So. 116; Adams v. Queen Insurance Company of America, 264 Ala. 572, 88 So.2d 331.

█ The only other assignments of error argued by appellant deal with the court's giving two written charges at the request of appellee Boston & Lockport Block Company. These charges are as follows:

"27. I charge you that if you are reasonably satisfied that the Boston & Lockport Block Company, Inc., exercised reasonable care in and about the manufacture of the loose hook referred to in the complaint, and if you are further reasonably satisfied from the evidence in this case that the loose hook referred to in the complaint was not defectively manufactured, you cannot find in favor of the plaintiffs and against the defendant, Boston & Lockport Block Company, Inc.

\*　　\*　　\*　　\*　　\*　　\*

"28. I charge you that if you are reasonably satisfied from the evidence in this case that the defendant, Boston & Lockport Block Company, Inc. exercised reasonable care in and about the manufacture of the mortise wood block and steel hook referred to in the complaint, you cannot find in favor of the plaintiffs and against the defendant, Boston & Lockport Block Company, Inc."

The argument advanced by the appellant urging reversal with respect to the giving of these two charges is to the effect that they were improperly given since the complaint charged the manufacturer of the blocks and tackle not only with negligence in the manufacture of such devices, but in addition with negligently failing to warn of the load capacity of blocks and tackles by placing such information on the items.

The argument made here is similar to that made in Birmingam Rolling Mill Co. v. Myer, 150 Ala. 344, 43 So. 492 (1907) (a case involving an alleged defective hook), wherein the court instructed the jury at plaintiff's request as follows:

" 'A company, employing men and furnishing them machinery for use in the works of the company, is bound to use

due diligence to see that such machinery so furnished is reasonably safe for the use of such employees, and is bound to use reasonable diligence to promptly discover and remedy any defect which may exist, or which may come into existence by wear or otherwise.' "

This court there said:

"This * * * brings us to a consideration of the only charge given at plaintiff's instance assigned as error. The only legitimate criticism of this charge is its tendency to mislead the jury, in that it omitted all reference to that phase of the testimony tending to show that it was plaintiff's duty to see that the hook was reasonably safe before using it. In other words, it was calculated to divert the jury's attention from this phase of the testimony, and direct to that phase of it tending to show that no such duty was assumed by him or imposed upon him. The giving of such a charge is not a reversible error; but in such case the party complaining should ask explanatory or additional instructions to obviate its misleading tendency. A. G. S. R. R. Co. v. Jones, 71 Ala. 487; Central of Ga. R. R. v. Hyatt, [151 Ala. 355], 43 So. 867."

In the case before us, the complaint charged *negligence* on the part of the defendant and the court orally charged the jury on the elements necessary to support a claim of actionable negligence. The plaintiff took no exception to the court's failure to charge orally on the point that the defendants failed to warn the decedent about the load bearing capacity of the hook, and we think no reversible error was committed by the giving of charges 27 and 28 at the request of appellee Boston & Lockport Block Company. If the plaintiff thought charges 27 and 28 were misleading or did not contain a full statement of the law, the remedy was to request an explanatory or additional charge. First National Bank of Mobile v. Ambrose, 270 Ala. 371, 119 So.2d 18 (1960).

The judgment appealed from is due to be affirmed.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and McCALL, JJ., concur.